■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLEN A., Also Known as ANGEL M., Appellant. [860 NYS2d 19]—

Judgment of resentence, Supreme Court, Bronx County (Joseph Fisch, J.), rendered November 20, 2006, vacating a prior youthful offender (YO) adjudication and sentence of probation, and sentencing defendant, as a second felony offender, to a term of 6 to 12 years, unanimously modified, on the law, to the extent of reinstating the youthful offender adjudication and sentence of probation and remanding for further violation of probation proceedings, and otherwise affirmed.

Although a court has inherent authority to vacate a youthful offender adjudication where it was achieved through fraud or misrepresentation (*see Matter of Lockett v Juviler*, 65 NY2d 182, 187 [1985]), the record does not establish that defendant received YO treatment as the result of any fraudulent conduct on his part. In 1996, defendant pleaded guilty in return for a promise of YO treatment and probation. While defendant's use of aliases and passive concealment of the fact that he had already been convicted of a felony in 1995 and was thus YO-ineligible should not be condoned, this misconduct was not the cause of his sentencing as a YO when he was returned on a bench warrant in 2002. On the contrary, the 2002 sentencing court (Robert H. Straus, J.), had before it all the information about defendant's criminal record that it needed to determine whether defendant was YO-eligible, including information as to defendant's 1995 felony conviction, as well as the fact that defendant was sentenced as a second felony offender in yet another case in 1996. That court nevertheless concluded, albeit erroneously, that defendant was YO-eligible as to the instant case. With the prosecutor's consent, the court adjudicated defendant a YO and sentenced him to probation.

In 2006, defendant appeared before the resentencing court for violation of probation proceedings. The resentencing court concluded that defendant had obtained YO treatment by fraud, revoked the YO adjudication, vacated the sentence of probation and resentenced defendant as a second felony offender. Since the finding as to fraud was erroneous, the resentencing court lacked authority to vacate YO treatment or impose a new sentence (*see People v Calderon*, 79 NY2d 61, 67 [1992]; *see also Matter of Campbell v Pesce*, 60 NY2d 165 [1983]; *People v Medina*, 35 AD3d 163 [2006], *lv denied* 8 NY3d 925 [2007]). Concur—Lippman, P.J., Mazzarelli, Williams, Sweeny and Acosta, JJ.