# United States Court of Appeals
## For the First Circuit

No. 09-1485

UNITED STATES,

Appellee,

v.

ANDRE ELLIS,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Patti B. Saris, U.S. District Judge]

Before

Boudin, Howard and Thompson,
Circuit Judges.

    Syrie D. Fried, Federal Public Defender, on brief for
appellant.
    Robert E. Richardson, Assistant U.S. Attorney and Carmen M.
Ortiz, United States Attorney, on brief for appellee.

September 2, 2010

**Per Curiam**.  We have reviewed the record and the parties' submissions.  We allow the government's motion for summary disposition, and we affirm.

Under the mandate rule, "a legal decision made at one stage of a civil or criminal case, unchallenged in a subsequent appeal despite the existence of ample opportunity to do so, becomes the law of the case for future stages of the same litigation, and the aggrieved party is deemed to have forfeited any right to challenge that particular decision at a subsequent date."  United States v. Bell, 988 F.2d 247, 250 (1st Cir. 1993).  Still, the district court may review its earlier decision if it concludes that the decision amounted to a blatant error that, if left uncorrected, will result in a serious injustice.  Id. at 251.  Where the mandate rule is in effect, a district court's decision whether to review an earlier decision in the proceedings is reviewed by this court for an abuse of discretion.  See Harlow v. Children's Hosp., 432 F.3d 50, 55-56 (1st Cir. 2005).

We agree with the district court that there was no blatant error in its previous decision to sentence the appellant, Andre Ellis ("Ellis"), under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).  The ACCA applies where a person convicted under 18 U.S.C. § 922(g) has three previous convictions for a violent felony or a serious drug offense.  A "conviction" "includes a finding that a person has committed an act of juvenile

-2-

delinquency involving a violent felony." 18 U.S.C. § 924(e)(2)(C).

A "violent felony" is defined in subsection 924(e)(2) as follows:

> [T]he term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that –
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another[.]

18 U.S.C. § 924(e)(2)(B). Ellis' criminal record shows a previous juvenile adjudication for assault and battery with a dangerous weapon (a handgun). Whether this juvenile adjudication qualifies as a "violent felony," however, depends on whether it was an act of juvenile delinquency that would have been "punishable by imprisonment for a term exceeding one year" if committed by an adult. Subsection 921(a)(20) of Title 18 provides that certain crimes are not considered to be crimes "punishable by imprisonment for a term exceeding one year".

> What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

18 U.S.C. § 921(a)(20).

Ellis contends that his juvenile adjudication for assault and battery with a dangerous weapon was "set aside" by operation of Mass. Gen. Laws ch. 120, § 21. That statute provides:

> Whenever a person committed to the department [of Youth Services] by a court upon conviction of a crime is discharged from its control such discharge shall, when so ordered by the department, restore such person to all civil rights and shall have the effect of setting aside the conviction.

Mass. Gen. Laws ch. 120, § 21. Although the Massachusetts statute in question only sets aside a juvenile adjudication "when so ordered by the department [of Youth Services]", Ellis did not present any evidence or documentation in the district court to show that the Department of Youth Services did, in fact, set aside his juvenile adjudication. He takes the position that any such set-aside is automatic; essentially, then, he argues that the statutory language in question (i.e., "when so ordered by the department") is superfluous. The government has not contested this position on appeal, and we bypass it.

Even if a juvenile adjudication is automatically "set aside" upon discharge from control of the Department of Youth Services, that adjudication is not set aside for all purposes. In particular, the adjudication still may be considered in any future criminal proceedings against the individual. See Mass. Gen. Laws ch. 120, § 21 ("A commitment to the department shall not be received in evidence or used in any way in any proceeding in any

-4-

court [] *except* in imposing sentence in any criminal proceeding against the same person.") (emphasis added). Given that state law provides that juvenile adjudications are not "set aside" for the purpose of imposing sentence in later criminal proceedings against the individual, it is far from clear that Massachusetts juvenile convictions should never be treated as predicate offenses under the ACCA. Accordingly, it was not blatant error for the sentencing court to take Ellis' juvenile adjudication into consideration for the purpose of applying the ACCA.

We do not purport to decide at this juncture whether Massachusetts juvenile adjudications for violent crimes should ever be treated as predicate offenses under the ACCA. We only decide that, given the procedural posture of this case, there was no blatant error in treating Ellis' juvenile adjudication as a predicate offense.

Affirmed. See 1st Cir. R. 27.0(c).