13-4431-cr

# In the
# United States Court of Appeals
## For the Second Circuit

August Term, 2014
No. 13-4431-cr

UNITED STATES OF AMERICA,
*Appellee,*

*v.*

JAMELL SELLERS,
*Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of New York.
No. 12-cr-643 — Sterling Johnson, Jr., *Judge.*

ARGUED: DECEMBER 9, 2014
DECIDED: APRIL 27, 2015

Before: CABRANES, LOHIER, and DRONEY, *Circuit Judges.*

Appeal from the judgment of the United States District Court for the Eastern District of New York (Johnson, *J.*), sentencing Jamell Sellers principally to fifteen years' imprisonment for violating 18 U.S.C. § 922(g)(1).  The district court imposed a statutory mandatory minimum of fifteen years after concluding that Sellers was an armed career criminal under 18 U.S.C. § 924(e), part of the Armed Career Criminal Act ("ACCA").  We hold that Sellers's drug conviction under New York law that resulted in a youthful offender adjudication does not qualify as a predicate conviction under the ACCA.  Therefore, the ACCA mandatory minimum does not apply. Accordingly, we **REMAND** to the district court for resentencing.

---

BARRY D. LEIWANT, Federal Defenders of New York, Inc., Appeals Bureau, New York, NY, *for Defendant-Appellant*.

ALIXANDRA E. SMITH (Jo Ann M. Navickas, *on the brief*) Assistant United States Attorneys, *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, NY, *for Appellee*.

---

DRONEY, *Circuit Judge*:

Jamell Sellers was sentenced to fifteen years' imprisonment for being a felon in possession of a firearm and ammunition under 18 U.S.C. § 922(g)(1) and under 18 U.S.C. § 924(e)(1) of the Armed

Career Criminal Act ("ACCA").[1] Judgment was entered on November 20, 2013, in the United States District Court for the Eastern District of New York (Johnson, *J.*).

Sellers contends that the application of the ACCA was error, arguing that his 2001 state conviction for criminal sale of a controlled substance does not qualify as one of the "three previous convictions" necessary to apply the ACCA because he was adjudicated as a youthful offender ("YO") for that offense under New York law. *See* 18 U.S.C. § 924(e)(1). Therefore, he appeals his sentence of the ACCA's statutory mandatory minimum of fifteen years' imprisonment.

We hold that a drug conviction under New York law that was replaced by a YO adjudication is not a qualifying predicate conviction under the ACCA because it has been "set aside" within

---

[1] Sellers was also sentenced to four years of supervised release and a $100 special assessment.

the meaning of 18 U.S.C. § 921(a)(20) and New York law. Accordingly, we **REMAND** to the district court for resentencing.

**BACKGROUND**

An indictment was returned on October 9, 2012, in the U.S. District Court for the Eastern District of New York, alleging that on September 11, 2012, Sellers possessed a firearm and ammunition and had previously been convicted of a crime punishable by a term of imprisonment exceeding one year, in violation of 18 U.S.C. § 922(g)(1). Sellers had been arrested by two New York City police officers responding to a 911 call that a man with a handgun was standing in front of a building in Brooklyn. The officers saw a man who fit the description in the 911 call and, as he began walking away from them, saw the handgun in his pants. Sellers was arrested, and a loaded Taurus 9 mm semiautomatic pistol was seized.

On May 16, 2013, Sellers moved for a ruling by the district court that he would not be sentenced under the ACCA if he were to plead guilty. Violations of § 922(g)(1) are punishable by a maximum

sentence of ten years, and there is no mandatory minimum. 18 U.S.C. § 924(a)(2). However, the ACCA imposes a fifteen-year mandatory minimum sentence if a person violates § 922(g)(1) and has "three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another." *Id.* § 924(e)(1). Sellers argued that he did not qualify as an armed career criminal because one of his three prior criminal convictions – from when he was 17 years old – had been replaced by a YO adjudication under New York law.[2]

The Government opposed Sellers's motion, contending that resolution of the ACCA issue was premature. The Government also argued that Sellers was an armed career criminal because Sellers's

---

[2] Sellers pled guilty in 2001 to criminal sale of a controlled substance on school grounds in violation of New York Penal Law § 220.44. After his guilty plea, he was adjudicated a YO under New York law and sentenced to five years' probation. In 2004, Sellers was convicted of criminal sale of a controlled substance, and his term of probation was revoked. Sellers was resentenced to sixteen months' to four years' imprisonment for his 2001 conviction.

YO adjudication for the drug offense was not excluded from consideration as a "previous conviction" under the ACCA.

On June 7, 2013, at a status conference three days before trial was to begin, the district court declined to rule on the ACCA issue, reasoning that doing so would "place the court in a position of negotiat[ing]" with the parties. Appellant App. 47. Sellers then pled guilty that day to the one-count indictment without a plea agreement. During the plea colloquy, Sellers acknowledged that (1) he had two prior felony convictions and (2) he had a third conviction that resulted in a New York YO adjudication and did not qualify as a conviction under the ACCA. Sellers was informed by the district court that if he was found to have three qualifying convictions, the ACCA would trigger the statutory mandatory minimum of fifteen years and a maximum of life in prison. After Sellers stated that he understood, the district court accepted Sellers's plea.

The Pre-Sentence Report ("PSR") calculated Sellers's Sentencing Guidelines ("Guidelines" or "U.S.S.G.") range to be 168 to 210 months based on a Criminal History Category V and a total offense level of 31, which included upward adjustments due to his ACCA status. Because of the ACCA's statutory mandatory minimum, the PSR concluded that the Guidelines range increased to 180 to 210 months. *See* 18 U.S.C. § 924(e)(1).

Sellers filed objections to the PSR, including the portions of the PSR which adopted the Government's position that the statutory mandatory minimum of fifteen years under the ACCA applied. Sellers also disputed his points calculation for Criminal History V, arguing that no points should be assigned for the YO adjudication, and thus his Criminal History Category should be IV instead of V. He also disputed the application of a Sentencing Guidelines offense

level enhancement for ACCA-sentencing under U.S.S.G. § 4B1.4.[3] Sellers advocated for a Guidelines range of 57 to 71 months' imprisonment. In response, the Government argued that his 2001 conviction satisfied the ACCA and also should be counted under the Guidelines for determining his Criminal History Category and for applying the offense level enhancement.

On October 17, 2013, the district court sentenced Sellers to the ACCA statutory mandatory minimum of fifteen years' imprisonment, concluding that the ACCA applied to Sellers notwithstanding his YO adjudication. Sellers once again objected to the ACCA mandatory minimum and the effects of the ACCA determination on his Guidelines calculation.

Judgment was entered on November 20, 2013, and Sellers filed a timely notice of appeal on the same day.

---

[3] "A defendant who is subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e) is an armed career criminal." U.S.S.G. § 4B1.4(a). Sellers's offense level increased from 24 to 33 based on that enhancement. *Id.* § 4B1.4(b)(3)(B).

**DISCUSSION**

We consider two issues on this appeal. First, we determine the requirements for a prior conviction for a "serious drug offense" to qualify as a "previous conviction" under the ACCA. Second, we evaluate Sellers's YO adjudication for his drug offense in New York to decide whether it was a "previous conviction" that would qualify as an ACCA predicate conviction.

**I.     Standard of Review**

The burden is on the government to prove the existence of a qualifying conviction when seeking a sentencing enhancement under the ACCA. *United States v. Rosa*, 507 F.3d 142, 151 (2d Cir. 2007). "The questions of what documents a district court may rely on to determine the nature of a prior conviction and of the scope of a district court's authority to make factual findings are questions of law, which we review *de novo*." *Id.* (internal citations omitted). Likewise, "[w]e review *de novo* questions of law relating to a district court's application of the ACCA." *See United States v. Brown*, 629

F.3d 290, 293, 294 (2d Cir. 2011) (reviewing *de novo* whether the defendant's prior conviction constitutes a "violent felony" for ACCA purposes). We review for clear error the "district court's factual findings regarding the nature of the prior offense." *Id.* at 293.

**II.    Qualifying Convictions Under the ACCA**

The first question is what prior convictions qualify as "previous convictions" under the ACCA. "As in all statutory construction cases, we begin with 'the language itself [and] the specific context in which that language is used.'" *McNeill v. United States*, 131 S. Ct. 2218, 2221 (2011) (alteration in original) (quoting *Robinson v. Shell Oil Co.*, 519 U.S. 337, 341 (1997)).

Here, the relevant gateway to the application of the ACCA is the violation of the felon in possession of a firearm statute, 18 U.S.C. § 922(g)(1). *See* 18 U.S.C. § 924(e). The single predicate conviction necessary for a violation of § 922(g)(1) is a conviction "in any court of[] a crime punishable by imprisonment for a term exceeding one

year." *Id.* § 922(g)(1). However, a "crime punishable by imprisonment for a term exceeding one year" is further defined in 18 U.S.C. § 921(a)(20) as excluding "[a]ny conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored." *Id.* § 921(a)(20). Thus, § 922(g)(1) excludes certain prior felony convictions.

Once the elements of § 922(g)(1) have been satisfied, the ACCA's increased mandatory minimum period of fifteen years' imprisonment applies if the defendant has three prior convictions for violent felonies or serious drug offenses. *Id.* § 924(e)(1). The ACCA, in describing the three prior convictions necessary for its application, states that they must be "previous convictions by any court referred to in section 922(g)(1)," thus adopting the § 922(g)(1) definitional reference to § 921(a)(20), including its exclusions.

The Government argues, however, that the phrase "referred to in section 922(g)(1)" in § 924(e)(1) modifies "any court" rather than

"three previous convictions." According to the Government, § 924(e)(1)'s cross reference to § 922(g)(1), therefore, means only that the serious drug offense or violent felony must be a conviction in a domestic court rather than a foreign court, and that § 921(a)(20)'s definition of a "crime punishable by imprisonment for a term exceeding one year" – with its exclusions – does not apply. We find this argument unpersuasive.

Because § 922(g)(1) does not define "any court," the Government's proposed construction would leave the cross reference in § 924(e)(1) with no useful purpose. In order to give meaning to § 924(e)(1)'s cross reference, we conclude that the phrase "referred to in section 922(g)(1)" modifies "three previous convictions" in § 924(e)(1). *See United States v. Menasche*, 348 U.S. 528, 538-39 (1955) ("It is our duty to give effect, if possible, to every clause and word of a statute . . . ." (internal quotation marks omitted)). Accordingly, the convictions necessary for applying the

ACCA invoke the further definition of "crime[s] punishable by imprisonment for a term exceeding one year" in § 921(a)(20), which excludes certain convictions, including those that have been "set aside." 18 U.S.C. § 921(a)(20); *see United States v. Parnell*, 524 F.3d 166, 169 (2d Cir. 2008) (per curiam) ("Convictions that are 'set aside' are expressly exempted from the calculation of defendant's previous convictions under the ACCA . . . .").

This application of the definition in § 921(a)(20) to "previous convictions" in § 924(e)(1) follows the approach taken by the Fourth and Ninth Circuits. *See United States v. Collins*, 61 F.3d 1379, 1382 (9th Cir. 1995) ("Section 924(e) thus incorporates the definition of 'crime punishable by imprisonment for a term exceeding one year,' found in section 921(a)(20), and its exclusion of any conviction for which the defendant's civil rights have been restored."); *United States v. Clark*, 993 F.2d 402, 403 (4th Cir. 1993) ("[T]o bring a defendant under the provisions of § 924(e) the government must

show . . . the convictions are *of the type referred to in § 922(g)(1) . . . .* That section refers to conviction in any court of 'a crime punishable by imprisonment for a term exceeding one year,' a term in turn defined in . . . 18 U.S.C. § 921(a)(20)." (emphasis added)).

As mentioned above, predicate convictions in § 924(e)(1) must be either a "violent felony" or a "serious drug offense" as defined in § 924(e)(2). The Government also contends that even if the definitional language in § 921(a)(20) (and its exclusions) applies to the ACCA, it applies only to a "violent felony" and not a "serious drug offense." The Government points out that § 924(e)(2)(B) includes as part of its definition of a "violent felony" "any crime punishable by imprisonment for a term exceeding one year . . ." – the language also found in § 922(g)(1) and § 921(a)(20) – while a "serious drug offense" as defined in § 924(e)(2)(A) does not include this language. However, the repetition of the phrase "crime

punishable by imprisonment for a term exceeding one year" in the definition of "violent felony" in § 924(e)(2)(B) and its absence in the definition of "serious drug offense" in § 924(e)(2)(A) does not demonstrate that Congress intended to make the cross reference in § 924(e)(1) to § 922(g)(1) (and to § 921(a)(20) and its exemptions) inapplicable to "serious drug offense[s]."

The specific definition of "serious drug offense" states that a prior drug conviction qualifies only if it was a federal or state conviction "for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(i), (ii). Congress chose to count only more serious drug offenses with maximum statutory imprisonment terms of ten years or more as qualifying ACCA predicates. Repeating § 922(g)(1)'s one-year language in § 924(e)(2)(A)'s "serious drug offense" definition would have contradicted Congress' choice to count only those drug offenses with at least ten-year maximum statutory penalties.

Applying § 921(a)(20)'s exclusions of certain prior felony convictions to "serious drug offense" is consistent not only with the plain language of the statute, but also with this statutory framework. Therefore, we conclude that a conviction for a serious drug offense that is excluded under § 921(a)(20) is not a qualifying conviction under § 924(e)(1).

## III.  A Conviction That Is "Set Aside"

The next issue is whether Sellers's New York YO adjudication rendered his prior guilty plea to the underlying drug offense a conviction that has been "set aside" under § 921(a)(20).[4] The language of that section provides that a prior offense does not qualify as a conviction if it "has been expunged[] or set aside" or the offender "has been pardoned or has had civil rights restored." 18

---

[4] As Sellers points out, the Government is raising for the first time the issue of whether the YO adjudication "set aside" his conviction based on its effect under New York law. "Arguments raised for the first time on appeal are deemed waived." *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 163 (2d Cir. 2011). "But appeals courts may entertain additional support that a party provides for a proposition presented below." *Eastman Kodak Co. v. STWB, Inc.*, 452 F.3d 215, 221 (2d Cir. 2006). Because the issue is purely legal and does not bear on facts specific to Sellers's conviction, we decline to consider the argument waived. *See Greene v. United States*, 13 F.3d 577, 586 (2d Cir. 1994).

U.S.C. § 921(a)(20). This provision exempts from the ACCA otherwise qualifying convictions. *See Logan v. United States*, 552 U.S. 23, 31-32 (2007) (discussing the § 921(a)(20) exemptions in the context of ACCA-enhanced sentencing). We conclude that under New York law, Sellers's YO adjudication for a drug offense operates to "set aside" his prior drug conviction because (1) § 921(a)(20) specifically requires the district court to apply state law in making that determination and (2) New York law deems such YO adjudications to "set aside" convictions and does not consider YO adjudications predicate convictions for sentencing enhancements in New York State courts.

**A.      Section 921(a)(20)**

**1.      The Meaning of "Set Aside"**

Section 921(a)(20) sets out four ways an otherwise qualifying conviction is excluded from consideration as a predicate conviction under the ACCA: expungement, pardon, setting the conviction aside, or restoration of civil rights. 18 U.S.C. § 921(a)(20). "Each

term describes a measure by which the government relieves an offender of some or all of the consequences of his conviction." *Logan*, 552 U.S. at 32.

Two of the four exclusions are relevant in the analysis here: setting aside and expunging a prior conviction. "Set aside" means to "annul or vacate" a judgment or an order. *Black's Law Dictionary* 1580 (10th ed. 2014). By contrast, "expunge" means to "remove from a record," and "expungement of record" is the actual "removal of a conviction . . . from a person's criminal record." *Id.* at 702.

We have previously recognized differences in the treatment of convictions that are "set aside" and convictions that are expunged. A "set aside" conviction, unlike an expunged conviction, "does not eliminate all trace of the prior adjudication and allows consideration of youthful offender adjudications in later proceedings[.]" *See United States v. Matthews*, 205 F.3d 544, 548 (2d Cir. 2000); *see also id.* at 546, 548 (holding that defendant's New York YO adjudication

"simply 'set aside'" his prior conviction but did not "expunge" the conviction for purposes of U.S.S.G. § 4A1.2); *see also United States v. Cuello*, 357 F.3d 162, 167 (2d Cir. 2004) (describing *Matthews*'s conclusion that a YO adjudication was not an "expunged" conviction for the purposes of U.S.S.G. § 4A1.2 because "New York's youthful offender law evinced an intent only to 'set aside' a conviction for the purposes of avoiding stigma, rather than to erase all record of the conviction or to preclude its future use by courts"). While a "set aside" conviction may still be considered for certain purposes because it has not been fully expunged, *see, e.g.*, *Matthews*, 205 F.3d at 548-49, it is nonetheless excluded from consideration as a predicate conviction under the ACCA, *see* 18 U.S.C. § 921(a)(20), because of the particular language of that definitional statute.

## 2. The Requirement To Apply State Law

Section 921(a)(20) is explicit in requiring district courts to apply state law in evaluating prior state convictions. Section 921(a)(20) states that "[w]hat constitutes a conviction of [a crime

punishable by imprisonment for a term exceeding one year] shall be determined in accordance with the law of the jurisdiction in which the proceedings were held" and that "[a]ny conviction which has been . . . set aside . . . shall not be considered a conviction for purposes of this chapter." 18 U.S.C. § 921(a)(20).

This language in § 921(a)(20) distinguishes our treatment of New York YO adjudications as potential ACCA predicate convictions from that of our earlier decisions that analyzed the impact of such adjudications under another federal criminal statute and the Sentencing Guidelines.

We previously held, for instance, that a New York YO adjudication qualifies as a "prior conviction for a felony drug offense [that] has become final" under 21 U.S.C. § 841(b) and thereby increases the statutory mandatory minimum for certain drug offenses. *United States v. Sampson*, 385 F.3d 183, 194-95 (2d Cir. 2004). Although in *Sampson* we reviewed the New York YO statutes

to determine the practical impact of a YO adjudication, we applied federal law to determine whether a prior New York felony drug conviction replaced by a YO adjudication constituted a "final" felony drug offense under 21 U.S.C. § 841(b). *See id.* at 194-95 (discussing 21 U.S.C. §§ 802(44), 841(b)). Unlike 18 U.S.C. § 921(a)(20), however, neither 21 U.S.C. § 841(b) nor the definition of "felony drug offense" in 21 U.S.C. § 802(44) excludes otherwise qualifying convictions that have been "set aside" under state law.

The ACCA's incorporation of 18 U.S.C. § 921(a)(20)'s exclusion for convictions "set aside" under state law also warrants treating New York YO adjudications differently in the ACCA-predicate conviction context than in our previous decisions interpreting certain provisions in the U.S. Sentencing Guidelines. In *United States v. Matthews*, we held that a prior New York YO adjudication should be counted in determining the defendant's criminal history under U.S.S.G. §§ 4A1.1 and 4A1.2. *Matthews*, 205

F.3d at 546, 548-49.  Sentencing Guideline 4A1.2(j) specifically states that only prior convictions that have been "expunged" will not be counted in making a criminal history determination, and an application note to U.S.S.G. § 4A1.2 expressly states that prior convictions that have merely been "set aside" should be counted. U.S.S.G. § 4A1.2, cmt. n.10.  We held that New York convictions replaced by YO adjudications were not "expunged" and therefore should be counted under the Guidelines in calculating the defendant's criminal history.  *Matthews*, 205 F.3d at 548.  We concluded that although "New York courts do not use youthful offender adjudications as predicates for enhanced sentencing . . . [that] does not restrict federal courts from taking them into account when imposing sentences under the Guidelines." *Id.*

Similarly, in *United States v. Driskell*, we held that an attempted murder conviction that was replaced by a New York YO adjudication constituted an "adult conviction" for calculating a

defendant's criminal history under U.S.S.G. §§ 4A1.1 and 4A1.2(d). *United States v. Driskell*, 277 F.3d 150, 151, 157-58 (2d Cir. 2002).  As in *Matthews*, the relevant Guidelines provisions for calculating criminal history did not exclude convictions that had been "set aside" under state law.

In *United States v. Cuello*, a felon-in-possession sentencing appeal under 18 U.S.C. § 922(g)(1), we also held that a prior New York controlled substance conviction later replaced by a YO adjudication should be counted as a prior felony conviction in determining a base offense level under U.S.S.G. § 2K2.1.  *Cuello*, 357 F.3d at 164-65, 168-69.  We observed that an application note to U.S.S.G. § 2K2.1 indicated that the district court should look to state law to determine whether a conviction for an offense committed prior to age 18 is "classified as an adult conviction."  *Id.* at 165 (quoting U.S.S.G. § 2K2.1, cmt. n.5 (2003), now appearing in U.S.S.G. § 2K2.1, cmt. n.1 (emphasis omitted)).  We held that, although New

York did not label a YO adjudication an "adult conviction," New York nonetheless functionally treated the defendant's YO adjudication as such for the purposes of U.S.S.G. § 2K2.1 because the defendant was tried and convicted in an adult forum and served his sentence in an adult prison. *Id.* at 168-69. Notably, however, as in *Matthews* and *Driskell*, the relevant Guidelines did not provide that such convictions would be excluded from consideration if state law provided that they be deemed "set aside."

Finally, in *United States v. Parnell*, we concluded that a district court should consider a New York YO adjudication that replaced an attempted burglary conviction when applying the Career Offender Guideline enhancement, U.S.S.G. § 4B1.1, because the attempted burglary conviction qualified as a "prior felony conviction" under that section of the Guidelines. *Parnell*, 524 F.3d at 170-71. We specifically distinguished the ACCA definition of qualifying convictions under 18 U.S.C. § 921(a)(20), which excludes convictions

that have been "set aside," because that definition applied only to the ACCA and not to the Career Offender Guideline. *Id.* at 170. Thus, we held that U.S.S.G. §§ 4B1.1 and 4B1.2 (the definitional section for the Career Offender Guideline), which do not exclude "set aside" convictions, allow district courts to consider YO adjudications when calculating the number of prior felony convictions for purposes of the Career Offender Guideline enhancement. *Id.* at 170-71.

Because the ACCA specifically excludes prior drug convictions that have been "set aside" and requires district courts to apply state law in making that determination, *Sampson*, *Matthews*, *Driskell*, *Cuello*, and *Parnell* are inapposite here. We must follow New York law to determine whether Sellers's conviction has been "set aside" or whether it qualifies as a predicate conviction under the ACCA. 18 U.S.C. §§ 921(a)(20), 924(e)(1).

**B.** **Youthful Offender Adjudication Under New York Law**

Under New York law, the adjudication of "youthful offender" may be available to convicted defendants alleged to have committed their crimes when they were at least 16 and less than 19 years old. *See* N.Y. Crim. Proc. Law §§ 720.10(1), (2), 720.20(1). "Courts have the discretion to designate an eligible convicted defendant a 'youthful offender' if 'in the opinion of the court the interest of justice would be served by relieving the eligible youth from the onus of a criminal record . . . .'" *Cuello*, 357 F.3d at 165 (alteration in original) (quoting N.Y. Crim. Proc. Law § 720.20(1)).

As the Government correctly points out, a conviction is therefore a prerequisite to a YO adjudication. *See* N.Y. Crim. Proc. Law § 720.20(1). But "[a] youthful offender adjudication is not a judgment of conviction for a crime or any other offense." N.Y. Crim. Proc. Law § 720.35(1). The New York Court of Appeals has interpreted a YO adjudication as replacing the underlying

conviction. *See People v. Calderon*, 588 N.E.2d 61, 67 (N.Y. 1992) ("As the youthful offender law makes clear, the youthful offender finding is *substituted* for, and becomes, in essence, the conviction of the eligible youth[.]" (emphasis added)).[5]  Accordingly, although Sellers pled guilty to a drug related offense prior to his YO proceedings, after his YO finding and the imposition of his YO sentence, under New York law, the YO adjudication replaced Sellers's prior conviction. *See* N.Y. Crim. Proc. Law § 720.10(4)-(6).

The effect of the YO adjudication in the New York courts is controlling when determining the status of Sellers's conviction "in accordance with the law of the jurisdiction in which the proceedings

---

[5] Under New York law, a sentence following a YO adjudication can be modified, but the YO adjudication can be revoked only under limited circumstances. *See People v. Gary O'D.*, 461 N.Y.S.2d 65, 66 (App. Div. 1983) (holding that while New York law "permits the court to revoke the sentence of probation and to impose an amended sentence," the court was "not empowered to convert a youthful offender adjudication into a judgment of conviction" (internal citation omitted)).  Under New York law, revocation is possible only if the YO adjudication was obtained through fraud or deceit. *See Calderon*, 588 N.E.2d at 67 ("[A]bsent evidence of fraud or misrepresentation there is no inherent power in the court to revoke a youthful offender finding once the proceeding is terminated by entry of judgment, nor is any such power granted by statute."); *People v. Allen A.*, 860 N.Y.S.2d 19, 20 (App. Div. 2008).

were held." 18 U.S.C. § 921(a)(20). In New York, once a court determines a person is a youthful offender, the court "must direct that the conviction be *deemed vacated* and replaced by a youthful offender finding." N.Y. Crim. Proc. Law § 720.20(3) (emphasis added); *see also* N.Y. Penal Law § 60.02 (describing a youthful offender finding as "substitut[ing] for a conviction"). As previously explained, "set aside" in 18 U.S.C. § 921(a)(20) means to "annul or vacate," and here the plain language of N.Y. Crim. Proc. Law § 720.20(3) uses "vacated." The plain language of both 18 U.S.C. § 921(a)(20) and N.Y. Crim. Proc. Law § 720.20(3) therefore indicates that under the law of New York, a YO adjudication is a conviction that has been "set aside" or "vacated."

The effect New York courts give to a YO adjudication in subsequent state prosecutions further supports excluding Sellers's YO adjudication as an ACCA-predicate conviction. Although in New York YO adjudication records are still available to New York's

department of corrections and community supervision and probation departments, N.Y. Crim. Proc. Law § 720.35(2), and New York courts may consider YO adjudications when evaluating criminal history and in parole and bail determinations, *see Cuello*, 357 F.3d at 166 (examining the YO adjudication scheme), New York law also provides that YO adjudications may not be used as predicates for sentencing enhancements, including for "multiple offender sentencing," which is similar to the ACCA. *People v. Meckwood*, 980 N.E.2d 501, 502 (N.Y. 2012); *People v. Kuey*, 631 N.E.2d 574, 576 (N.Y. 1994).[6]

For these reasons, we hold that Sellers's YO adjudication under New York law is not a predicate conviction under the ACCA.

---

[6] Our only sister court to address the issue, the First Circuit, concluded that "it was not blatant error for the sentencing court to take [a defendant's] juvenile adjudication into consideration for the purpose of applying the ACCA" because "juvenile adjudications [under Massachusetts law] are not 'set aside' for the purpose of imposing sentence in later criminal proceedings." *United States v. Ellis*, 619 F.3d 72, 75 (1st Cir. 2010) (per curiam). As discussed above, New York treats YO adjudications differently, and we are bound to give effect to New York's treatment of YO adjudications here.

**CONCLUSION**

For the foregoing reasons, we hold that a prior drug conviction that has been "set aside" under New York law is not a predicate conviction under the ACCA. We further hold that a New York youthful offender adjudication "set[s] aside" a defendant's underlying conviction as a matter of New York law. Thus, Sellers's youthful offender adjudication under New York law does not qualify as a "previous conviction[] . . . referred to in section 922(g)(1)" under the ACCA. *See* 18 U.S.C. § 924(e)(1). The district court erred in imposing the ACCA's mandatory minimum sentence.[7]

We **REMAND** to the district court for resentencing.

---

[7] Because we hold that Sellers was not an armed career criminal subject to the statutory mandatory minimum of § 924(e)(1), we note that Sellers is also ineligible for the enhancement he received under U.S.S.G. § 4B1.4, which applies to defendants who are subject to enhanced sentences under the ACCA. *See* U.S.S.G. § 4B1.4(a).