15-1602-cr
*United States v. Cardoza*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of May, two thousand and sixteen.

Present:
    JOHN M. WALKER, JR.,
    GUIDO CALABRESI,
    PETER W. HALL,
            *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

                    *Appellee,*

        v.                                          No. 15-1602-cr

OSCAR CARDOZA,

                    *Defendant-Appellant.*

_____

For Appellee:                          David C. James and Raymond A Tierney, Assistant
                                       United States Attorneys, *for* Robert L. Capers,
                                       United States Attorney, Eastern District of New
                                       York.

For Defendant-Appellant:               John S. Wallenstein, Esq., Garden City, New York.

_____

1

Appeal from an order of the United States District Court for the Eastern District of New York (Seybert, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Oscar Cardoza appeals from a judgment of conviction entered May 4, 2015 in the United States District Court for the Eastern District of New York following Cardoza's guilty plea. Cardoza pleaded guilty to one count of illegal reentry into the United States after previously having been deported following the commission of an aggravated felony in violation of 8 U.S.C. § 1326(a). The district court sentenced Cardoza principally to 24 months' imprisonment, to be followed by three years' probation. On appeal, Cardoza challenges the procedural reasonableness of his sentence, arguing that the district court improperly treated his youthful offender adjudication under New York law as an adult conviction for purposes of calculating his base level offense under the United States Sentencing Guidelines ("USSG") § 2L1.2. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal. For the reasons stated below, we affirm.

We review *de novo* a district court's interpretation and application of the sentencing guidelines. *United States v. Santiago*, 384 F.3d 31, 33 (2d Cir. 2004). Cardoza's only argument on appeal is that the district court erred by applying a 16-level enhancement under USSG § 2L1.2(b)(1)(A)(ii) for his having been deported after he was convicted of a crime of violence. Cardoza concedes that his previous conviction for assault was a crime of violence. Cardoza contends, however, that because he committed the assault when he was 17 years old, and he was adjudicated as a youthful offender under New York law, the enhancement does not apply. Cardoza argues that USSG § 2L1.2 cmt. n.1(A)(iv) and our recent decision in *United States v.*

2

*Sellers*, 784 F.3d 876 (2d Cir. 2015), support his contention that the district court erred when it applied the enhancement based on his youthful offender adjudication. We disagree.

Cardoza's arguments are foreclosed by our decisions in *United States v. Reinoso*, 350 F.3d 51, 54 (2d Cir. 2003), and *United States v. Pereira*, 465 F.3d 515, 520–22 (2d Cir. 2006). In *Reinoso* we held that USSG § 2L1.2(b)(1)(A)(ii) "requires only that the defendant have a 'conviction' for a crime of violence" for the enhancement to apply because the defendant's "subsequent youthful offender adjudication did not expunge his conviction, or otherwise absolve him of criminal responsibility for" the underlying crime. *Reinoso*, 350 F.3d at 54. The fact that Cardoza was adjudicated a youthful offender for his prior assault conviction does not "expunge his conviction" such that USSG § 2L1.2(b)(1)(A)(ii) does not apply. *Id.*

Cardoza's argument that USSG § 2L1.2 cmt. n.1(A)(iv) requires a different result fails. The application note states that USSG § 2L1.2(b)(1) "does not apply to a conviction for an offense committed before the defendant was eighteen years of age unless such conviction is classified as an adult conviction under the laws of the jurisdiction in which the defendant was convicted." USSG § 2L1.2 cmt. n.1(A)(iv). In *Pereira*, we held that under USSG § 2L1.2 cmt. n.1(A)(iv) a New York youthful offender adjudication constitutes an adult conviction when the substance of the conviction—the nature of the proceedings, the sentence received, and actual time served—shows that the state treated the conviction as an adult conviction. 465 F.3d at 521–22; *see also United States v. Cuello*, 357 F.3d 162, 168–69 (2d Cir. 2004) (applying the same rationale to a New York youthful offender adjudication under USSG § 2K2.1); *United States v. Driskell*, 277 F.3d 150, 157 (2d Cir. 2002) (noting that because of the complexity inherent in New York's youthful offender classification system, courts should "examine the substance of the prior conviction at issue" and "focus on the nature of the proceedings, the sentences received,

3

and the actual time served" when determining whether a prior conviction would be classified as an adult conviction under New York State law) (internal quotation omitted)). Thus, Cardoza is incorrect that under the application note his youthful offender status is dispositive of whether USSG § 2L1.2(b)(1) applies.

Cardoza further argues that our recent decision in *Sellers* alters how courts treat past New York youthful offender adjudications during sentencing proceedings. Cardoza's reliance on *Sellers* is misplaced. In *Sellers* we explicitly distinguished between the Armed Career Criminal Act's ("ACCA") "set aside" provision and USSG provisions that "did not provide that such convictions would be excluded from consideration if state law provided that they be deemed 'set aside.'" 784 F.3d at 885.[1] There is no "set aside" provision in USSG § 2L1.2, and *Sellers* does not alter our understanding that, under *Reinoso* and *Pereira*, Cardoza's prior assault conviction, notwithstanding his youthful offender adjudication, constitutes a prior conviction for a crime of violence. *Reinoso*, 350 F.3d at 54; *Pereira*, 465 F.3d at 522.

Here, Cardoza committed the assault when he was 17 years old and was sentenced to 6 months' imprisonment followed by 5 years of probation. While he was adjudicated as a youthful offender, Cardoza was otherwise functionally treated as an adult. He was convicted in an adult forum, served time at an adult facility, and was re-sentenced to 1–3 years for subsequently violating his probation. We find no error in the district court's application of USSG § 2L1.2(b)(1)(A)(ii) based on Cardoza's prior assault conviction.

---

[1] Moreover, *Sellers* clearly delineated between the *United States v. Driskell*, 277 F.3d 150 (2d Cir. 2002) line of cases, upon which *Reinoso* and *Pereira* stem, and its holding interpreting the ACCA. *Sellers*, 784 F.3d at 884–85. Cardoza's assertion that *Sellers* marks a sea change in our jurisprudence is, thus, unpersuasive.

We have considered all of Cardoza's remaining arguments and find them to be without merit. The judgment of the district court is **AFFIRMED**.

FOR THE COURT:

CATHERINE O'HAGAN WOLFE, CLERK