15-3102
*United States v. Sellers*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 22nd day of September, two thousand sixteen.

Present:     ROBERT A. KATZMANN,
                        *Chief Judge*,
               ROBERT D. SACK,
               PETER W. HALL,
                        *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                        *Appellee*,

                v.                                                    No. 15-3102

JAMELL SELLERS,

                        *Defendant-Appellant*.

_____

For Appellee:                    Susan Corkery and Alixandra E. Smith, Assistant United States Attorneys, *for* Robert L. Capers, United States Attorney for the Eastern District of New York, Brooklyn, NY.

For Defendant-Appellant:    Barry D. Leiwant, Federal Defenders of New York, Inc., New York, NY.

1

Appeal from the United States District Court for the Eastern District of New York (Johnson, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,** and **DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Jamell Sellers appeals from an amended judgment of conviction imposed on September 25, 2015, sentencing Sellers principally to 96 months' imprisonment for possessing a firearm having previously been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). Sellers argues that this sentence is procedurally unreasonable because the district court (Johnson, *J.*) did not adequately state the reasons for imposing a sentence of 96 months, and that it is substantively unreasonable because it is greater than necessary to accomplish the goals of sentencing. For the reasons stated herein, we affirm the sentence imposed by the district court. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

Sellers was charged on October 9, 2012, with violating § 922(g)(1) and he subsequently pleaded guilty on June 7, 2013, on the Friday before the Monday he was scheduled to go to trial. At the first sentencing hearing, the district court determined that Sellers was subject to the fifteen-year mandatory minimum set forth in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). However, this Court subsequently reversed that decision and remanded the case for resentencing on the ground that one of Sellers's prior offenses did not qualify as a predicate conviction under the ACCA. *See United States v. Sellers*, 784 F.3d 876, 879 (2d Cir. 2015). On resentencing, Probation Services established that Sellers had a criminal history category of V and that his total offense level was 22, which took account of a two-level reduction for acceptance of responsibility. The government elected not to move for a third level reduction for acceptance of

2

responsibility. It contended that such a reduction would have been inappropriate because Sellers delayed pleading guilty until the eve of trial, after the government had shared its 3500 material and trial exhibits. Therefore, with an offense level of 22 and a criminal history category of V, Sellers's recommended Guidelines range was 77 to 96 months' incarceration.

Both parties submitted letters to the district court prior to sentencing and the court heard oral argument about whether it should award any additional reduction for acceptance of responsibility as part of its 18 U.S.C. § 3553(a) analysis. It then imposed the sentence as follows:

> All right, I have heard the arguments. I have considered the factors of 3553(a), and one of the things that I am impressed with is the fact that he is a Criminal History Category V, and I am not going to award him a third point [for acceptance of responsibility]. I am going to sentence him within the guidelines. I think a sentence that is sufficient, but not greater than necessary to meet the aims of the statute, is the following:
>
> I am going to sentence the defendant to the custody of the Attorney General's duly authorized representative for a period of 96 months, $100 special assessment, and I am going to sentence him to . . . [t]hree years supervised release.

App. at 54–55.

In addition, the district court filed a written Statement of Reasons ("SOR") on November 9, 2015. In the SOR, the court adopted the Presentence Investigation Report ("PSR") without change. It also provided the following additional justification for the sentence:

> 18 U.S.C. 3553(a), submissions and argument by counsel and the defendant, the sentence imposed reflects the seriousness of the offense, affords deterrence to criminal conduct and protects the public from future crimes by this defendant. The Court determines the defendant is a recidivist. The sentence imposed is sufficient, but not greater than necessary, to achieve the aims of the statute.

SOR at 4.

Sellers argues that the sentence of 96 months' imprisonment is procedurally unreasonable, because the district court did not adequately state the reasons for the sentence as

3

required by 18 U.S.C. § 3553(c). Because Sellers did not raise this procedural challenge in the district court, we engage in plain error review. *See United States v. Marcus*, 560 U.S. 258, 262 (2010). To establish plain error, an appellant must show "(1) there is an 'error'; (2) the error is 'clear or obvious, rather than subject to reasonable dispute'; (3) the error 'affected the appellant's substantial rights, which in the ordinary case means' it 'affected the outcome of the district court proceedings'; and (4) 'the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *Id.* (quoting *Puckett v. United States*, 556 U.S. 129, 135 (2009)).

At the time of sentencing, the district court must "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c); *see also United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc). We have instructed that, "in its explanation the district court must satisfy us that it has 'considered the parties' arguments' and that it has a 'reasoned basis for exercising [its] own legal decisionmaking authority." *Cavera*, 550 F.3d at 193 (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)). That said, "a brief statement of reasons will generally suffice where the parties have addressed only 'straightforward, conceptually simple arguments' to the sentencing judge." *Id.* (quoting *Rita*, 551 U.S. at 356); *see also Molina-Martinez v. United States*, 136 S. Ct. 1338, 1347 (2016) ("[J]udges . . . need not provide extensive explanations for within-Guidelines sentences . . . .").

Here, the district court expressed in open court its concern with Sellers's criminal history. Although this explanation is sparse, it provides sufficient justification for the sentence to withstand plain error review, especially given that, in the SOR, the district court adopted the PSR's factual findings and made additional remarks regarding Sellers's criminal history. *Cf. United States v. Pruitt*, 813 F.3d 90, 91–92 (2d Cir. 2016) (finding no plain error even though the district court did not mention specific aspects of the defendant's conduct that justified the

4

imposition of a top-of-the-Guidelines sentence); *United States v. Molina*, 356 F.3d 269, 275–78 (2d Cir. 2004) (finding no plain error where the district court failed to state in open court the reasons for imposing an enhancement but where it subsequently adopted the PSR's factual findings in its statement of reasons). Those factors are sufficient to justify the sentence imposed.

Furthermore, there is no indication, as Sellers contends, that the district court misunderstood his argument calling for a downward variance for acceptance of responsibility as part of the court's § 3553(a) analysis. The court issued its decision immediately after hearing argument by the parties regarding whether it should issue a variance under § 3553(a), and the court's statement imposing the sentence indicates that it rejected the downward variance in that context, regardless of its use of the term "third point." *See* App. at 54–55 ("*I have considered the factors of 3553(a)*, . . . and I am not going to award him a third point [for acceptance of responsibility]." (emphasis added)). For the foregoing reasons, under a plain error analysis, we have no basis to vacate the sentence for procedural unreasonableness.

Next, reviewing the substantive reasonableness of the sentence under an abuse-of-discretion standard, *Gall v. United States*, 552 U.S. 38, 51 (2007), we must "take into account the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts," *Cavera*, 550 F.3d at 190.[1] We will "set aside a district court's *substantive* determination only in exceptional cases where the trial court's decision 'cannot be located within the range of permissible decisions.'" *Id.* at 189 (quoting *United States v. Rigas*, 490 F.3d 208, 238 (2d Cir. 2007)).

---

[1] This court has not yet decided whether plain error review applies to unpreserved challenges to the substantive reasonableness of a sentence. *See United States v. Thavaraja*, 740 F.3d 253, 258 n.4 (2d Cir. 2014); *United States v. Verkhoglyad*, 516 F.3d 122, 134 (2d Cir. 2008). However, we need not decide that issue here because Sellers's argument fails even under an abuse-of-discretion standard.

Sellers asserts generally that the 96-month sentence is greater than necessary to accomplish the goals of sentencing. Although this court will not presume that a Guidelines sentence is reasonable, *see Cavera*, 550 F.3d at 190, Sellers has not presented us with any justification to find that the district court abused its discretion in imposing this sentence. Sellers's primary argument is that the district court should have granted his request for an additional downward variance for acceptance of responsibility and, accordingly, should have sentenced him under a Guidelines range of 70 to 87 months instead of 77 to 96 months. However, the district court was within its discretion to decline to issue the requested downward variance, especially where the government had presented a reasonable justification for its own decision not to agree to an additional level reduction for acceptance of responsibility.

Given that the court considered the factors of § 3553(a), the Guidelines, the facts in the PSR, and Sellers's criminal history, its imposition of a top-of-the-Guidelines sentence was not an abuse of discretion. The sentence is not "shockingly high . . . or otherwise unsupportable as a matter of law." *Rigas*, 583 F.3d at 123.

We have considered all of Sellers's remaining arguments on this appeal and are not persuaded by them. For these reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

6