Michael Killion v. United States

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of March, two thousand eighteen.

PRESENT:  DENNIS JACOBS,
          RICHARD C. WESLEY,
                    Circuit Judges,
          EDWARD R. KORMAN,
                    District Judge.[1]

- - - - - - - - - - - - - - - - -X

MICHAEL KILLION,
          Petitioner-Appellant,

          -v.-                                    17-1392

_____

[1]   Judge Edward R. Korman, District Court Judge of the United States District Court for the Eastern District of New York, sitting by designation.

1

**UNITED STATES OF AMERICA,**
             <u>**Respondent-Appellee.**</u>

- - - - - - - - - - - - - - - - -X

FOR APPELLANT:                    Lisa A. Peebles, Federal Public
                                  Defender, James P. Egan, Assistant
                                  Federal Public Defender, Federal
                                  Public Defender's Office, Syracuse,
                                  NY.

FOR APPELLEE:                     Cyrus P.W. Rieck and Steven D.
                                  Clymer, Assistant United States
                                  Attorneys, <u>for</u> Grant C. Jaquith,
                                  United States Attorney for the
                                  Northern District of New York,
                                  Syracuse, NY.


Appeal from a decision and order of the United States District Court for the Northern District of New York (Kahn, <u>J</u>.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Petitioner-appellant Michael Killion appeals from a March 8, 2017 decision and order of the United States District Court for the Northern District of New York denying his motion under 28 U.S.C. § 2255 to vacate and correct his sentence for possession by a convicted felon of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1), and federal armed bank robbery, in violation of 18 U.S.C. §2113(a).   Killion argues on appeal that federal armed bank robbery is not a violent felony in light of <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015), and that the district court therefore erred in denying relief.   We assume the parties'

2

familiarity with the underlying facts, the procedural history, and the issues presented for review.

1.     The government argues that Killion forfeited his claim by not bringing his motion under 28 U.S.C. § 2255 within the one year period of limitation, see 28 U.S.C. § 2255(f), and that by failing to raise his Johnson claim on direct appeal, he is "is barred from collaterally challenging a conviction under § 2255 on a ground he failed to raise on direct appeal," United States v. Thorn, 659 F.3d 227, 231 (2d Cir. 2011).   We decline to consider the government's procedural default arguments because they are raised for the first time on appeal.   See United States v. Canady, 126 F.3d 352, 359-60 (2d Cir. 1997) ("because the government failed to raise its procedural default defense in the district court, it is precluded from doing so now").

The government also argues that Killion is barred from bringing this collateral attack because he "waive[d] any and all rights, including those conferred by 18 U.S.C. § 3742 and/or 28 U.S.C. § 2255, to appeal or collaterally attack his conviction and any sentence" in his plea agreement.   Joint App'x at 21. This government argument may have merit.   See Sanford v. United States, 841 F.3d 578, 580 (2d Cir. 2016) ("[e]ven assuming, however, that [a defendant] was sentenced under a Guidelines provision that is unconstitutional after Johnson, this Court has held that a defendant's inability to foresee a change in the law does not supply a basis for failing to enforce an appeal waiver" (internal citation, quotation marks, and alteration omitted)).   However, the government also failed to raise this argument before the district court.   But even assuming arguendo that the government waived this defense as well, Killion's claim still fails on the merits.

2.     Killion argues that in light of Johnson, 135 S. Ct. 2551, federal armed bank robbery is no longer a violent felony.   He offers two reasons: the offense does not require the use of any force, and the offense does not proscribe intentional acts.

To determine whether federal armed bank robbery qualifies as a violent felony under the Armed Career Criminal Act, 18 U.S.C. § 924(e), we rely on the "categorical approach." See Taylor v. United States, 495 U.S. 575, 600 (1990). "Under the categorical approach, courts identify the minimum criminal conduct necessary for conviction under a particular statute." United States v. Hill, 832 F.3d 135, 139 (2d Cir. 2016) (internal citation and quotation marks omitted). We "look only to the statutory definitions—i.e., the elements—of a defendant's prior offenses, and *not* to the particular facts underlying those convictions." Descamps v. United States, 570 U.S. 254, 261 (2013) (internal citation and quotation marks omitted, emphasis in original).

"[W]e review de novo questions of law relating to a district court's application of the ACCA" and "review for clear error the district court's factual findings regarding the nature of the prior offense." United States v. Sellers, 784 F.3d 876, 881 (2d Cir. 2015) (internal citations and quotation marks omitted).

In pertinent part, the federal armed bank robbery statute, 18 U.S.C. § 2113(a), punishes "[w]hoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another" property or money. Id. Subsection (d) provides that "[w]hoever, in committing, or in attempting to commit, any offense defined" in 18 U.S.C. § 2113(a) "assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be subject to an enhanced penalty." Id. So the minimal criminal activity proscribed by the statute is the use of a dangerous weapon that places another person in jeopardy while taking property by intimidation. Killion argues that this form of intimidation involves at most a threat of injury. But Killion fails to cite any case in which a court applied the federal armed bank robbery statute to an armed bank robbery that involves the threat of injury, but not the threat of force. This is fatal to Killion's argument. Demonstrating that a predicate act is not a crime of violence "requires more than the application of legal imagination to the statute's language . . . there must be a realistic probability, not a theoretical possibility, that the statute at issue could be applied to conduct that does not constitute a crime of violence." Hill, 832 F.3d at 139-140 (internal citation,

4

quotation marks, and alteration omitted).   A defendant "must at least point to his own case or other cases in which the . . . courts in fact did apply the statute in the . . . manner for which he argues."   Gonzales v. Duenas–Alvarez, 549 U.S. 183, 193 (2007).

In Hill, 832 F.3d 135, we rejected an almost identical argument to the one Killion raises here, though in the context of Hobbs Act robbery.   The defendant in Hill, relying on Chrzanoski v. Ashcroft, 327 F.3d 188, 194 (2d Cir. 2003), as Killion does as well, argued that placing another in fear of injury does not constitute a threat or use of force.   Id. at 143.   We rejected that argument, relying in part on United States v. Castleman, 134 S. Ct. 1405, 1414 (2014), which ruled that force "encompasses even its indirect application."   Id. at 1414.[2]   Thus the threat of injury is still a threat to use physical force, and is punishable under the ACCA's force clause, 18 U.S.C. § 924(e)(2)(B)(i).   See also United States v. Ellison, 866 F.3d 32, 37 (1st Cir. 2017) ("proving 'intimidation' under § 2113(a) requires proving that a threat of bodily harm was made"); United States v. Harper, 869 F.3d 624, 626-27 (8th Cir. 2017) ("bank robbery by intimidation under § 2113(a) is a crime of violence under the force clause, because it involves a threatened use of force"); United States v. McNeal, 818 F.3d 141, 153 (4th Cir. 2016) (bank robbery "by intimidation" under § 2113(a) requires the threatened use of physical force), cert. denied, 137 S. Ct. 164 (2016); United States v. McBride, 826 F.3d 293, 295-96 (6th Cir. 2016) ("Bank robbery by 'force and violence' plainly involves 'the use, attempted use, or threatened use of physical force' [and] [w]e reject [the] contention that daylight can be found between 'intimidation' and 'threatened use of physical force.'").

---

[2] The other case which Killion mainly relies on for his argument, United States v. Torres-Miguel, 701 F.3d 165 (4th Cir. 2012), was recognized as abrogated by Castleman by the 4th Circuit.   See United States v. Burns-Johnson, 864 F.3d 313, 318 (4th Cir. 2017), cert. denied, 138 S. Ct. 461 (2017).

Killion also argues that federal armed bank robbery is not a violent felony because it lacks any mens rea requirement, and requires no proof that a defendant used violent force intentionally. We disagree. The word "willfully" (or any equivalent) is not used because federal armed bank robbery is a general intent crime, and thus requires only "that the defendant possessed knowledge with respect to the <u>actus reus</u> of the crime (here, the taking of property of another by force and violence or intimidation)." <u>Carter v. United States</u>, 530 U.S. 255, 268 (2000); <u>see also</u> <u>United States v. Sewell</u>, 252 F.3d 647, 649 (2d Cir. 2001) ("the federal bank robbery statute presents a general intent crime"), cert. denied, 534 U.S. 968 (2001). Violation of the federal armed bank robbery statute entails intentional conduct; one cannot unintentionally rob a bank.

Accordingly, the sentence of the district court is hereby **AFFIRMED**.


FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK