13-3594-cr(L)
*United States v. Houston*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30ᵗʰ day of April, two thousand eighteen.

PRESENT:    AMALYA L. KEARSE,
            JOSÉ A. CABRANES,
            RAYMOND J. LOHIER, JR.,
                        *Circuit Judges.*

---

UNITED STATES OF AMERICA,

    *Appellee,*

     v.

ROBERT LEE HOUSTON,

    *Defendant-Appellant.*

13-3594-cr(L),
17-877-cr(CON)

---

FOR APPELLEE:    CHRISTOPHER C. CAFFARONE (Susan Corkery, *on the brief*), Assistant United States Attorneys, *for* Bridget M. Rohde, Acting United States Attorney for the Eastern District of New York, Brooklyn, NY.

**FOR DEFENDANT-APPELLANT:** MARIANNE MARIANO, Federal Public Defender for the Western District of New York, Buffalo, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Arthur D. Spatt, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the March 17, 2017 judgment of the District Court be and hereby is **AFFIRMED.**

## BACKGROUND

Defendant-appellant Robert Lee Houston ("defendant" or "Houston") appeals from an amended judgment entered on March 17, 2017, convicting him, following a jury trial, of possessing two firearms while having been previously convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). Houston was originally sentenced in September 2013. At that time, because defendant had three qualifying violent felony convictions under the Armed Career Criminal Act ("ACCA"), he was subject to a mandatory minimum sentence of 15 years' imprisonment. The District Court imposed a below-Guidelines sentence of 240 months' imprisonment.

In his initial appeal following his September 2013 sentencing,[1] defendant argued that the District Court did not properly consider whether he was competent to stand trial. We remanded defendant's case pursuant to *United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994) to allow the District Court to consider whether defendant had been competent to stand trial. On June 26, 2015, after we ordered remand, and before the District Court had resolved that question, the Supreme Court held in *Johnson v. United States*, 135 S. Ct. 2551 (2015) that a portion of the ACCA's definition of a "violent felony" was unconstitutionally vague. In light of *Johnson*, we granted defendant's motion to expand the scope of the remand to enable the District Court to resentence him based on the intervening change in the law.

On remand, and prior to his resentencing, Houston underwent many months of psychological evaluations. Houston's evaluating doctors concluded that he was competent, and defendant was permitted to withdraw his request for a competency hearing in court. A competency hearing was thus never held.

---

[1] Houston's first appeal is case number 13-3594-cr. The instant appeal is a consolidation of that appeal and a 2017 appeal docketed as case number 17-877-cr. In this summary order, we consider all of the claims raised by defendant in his 2017 appeal, as well as one claim that remains unresolved from his initial 2013 appeal.

In addition, after remand and before Houston's resentencing, this Court held in *United States v. Sellers*, 784 F.3d 876 (2d Cir. 2015) that a youthful offender adjudication under New York State law is not a predicate conviction under the ACCA. At Houston's resentencing, the District Court concluded that, in light of *Sellers*, defendant was no longer subject to the ACCA because one of his three qualifying felony convictions was a youthful offender conviction, and calculated a new advisory Guidelines range of 63 to 78 months' imprisonment, down from 262 to 327 months when he was first sentenced. The District Court "consider[ed] [the Guidelines] seriously" before sentencing defendant principally to a term of 104 months' imprisonment. App'x 180.[2] This appeal followed, in which defendant argues that his newly-imposed sentence is both procedurally and substantively unreasonable.

## I.

### a.

Defendant first asserts that the District Court committed procedural error when it found him subject to a "crime of violence" offense level enhancement under the Sentencing Guidelines based on his previous conviction for attempted assault in the first degree in violation of New York Penal Law ("NYPL") § 120.10. He contends that the underlying *Shepard* documents of his first-degree attempted assault conviction—namely, the indictment and corresponding "Uniform Sentence and Commitment" form— do not clearly indicate which specific subsection of NYPL § 120.10 defendant was convicted of violating, such that the District Court could not have been sure that defendant had committed a qualifying crime of violence. *See Shepard v. United States*, 544 U.S. 13 (2005). We disagree.

A district court commits procedural error "where it fails to calculate the Guidelines range"; "makes a mistake in its Guidelines calculation, or treats the Guidelines as mandatory"; "does not consider the § 3553(a) factors"; "rests its sentence on a clearly erroneous finding of fact"; or "fails adequately to explain its chosen sentence." *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc). The District Court did not commit procedural error in finding that defendant's past New York State attempted assault conviction rendered him subject to an offense level enhancement.

Because New York State's first-degree assault statute is "divisible," the District Court was permitted to look to a limited set of documents relating to defendant's underlying conviction in order to ascertain whether the elements of his conviction met the definition of a "crime of violence" as set forth in the Sentencing Guidelines. *See Shepard*, 544 U.S. at 26. These documents made clear that defendant was charged with, and pleaded guilty to, violating subsection (1) of NYPL § 120.10,

---

[2] "App'x" refers to the Joint Appendix submitted by the parties in Houston's 2017 appeal.

which states that a person commits assault in the first degree when, "[w]ith intent to cause serious physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument." The text of Count One of defendant's indictment, to which he pleaded guilty, tracks nearly verbatim the language of subsection (1). Similarly, the subsequent "Uniform Sentence and Commitment" form clearly indicates that defendant was convicted of violating subsection (1) of NYPL § 120.10.

Subsection (1) clearly has, as an element, the use or attempted use of force, and thus was properly considered a "crime of violence" under the Sentencing Guidelines.

**b.**

We next reject Houston's argument that the District Court erred when it characterized the 12-gauge shotgun he possessed as a "murderous weapon" that "can kill ten people in a room," or "five people, at least, with one shot." App'x 178. This argument fails under even a harmless error standard of review. While the District Court might have overestimated the extent of the shotgun's deadliness, there can be no doubt that the Court properly viewed it as a murderous weapon.

**II.**

We review the remainder of Houston's procedural claims for plain error because he raises them for the first time on appeal. *See United States v. Villafuerte*, 502 F.3d 204, 207 (2d Cir. 2007) ("[I]ssues not raised in the trial court because of oversight, including sentencing issues, are normally deemed forfeited on appeal unless they meet our standard for plain error."). Under plain error review, a defendant must "demonstrate that (1) there was error, (2) the error was plain, (3) the error prejudicially affected his substantial rights, and (4) the error seriously affected the fairness, integrity or public reputation of judicial proceedings." *United States v. Cook*, 722 F.3d 477, 481 (2d Cir. 2013) (internal quotation marks omitted).

**a.**

Houston argues that Judge Spatt committed plain error because he based the above-Guidelines sentence on his displeasure with Houston's having raised a competency claim. Although the experienced judge mentioned defendant's withdrawn request for a competency hearing, the record as a whole indicates that the District Court did not improperly punish defendant for his or his counsel's desire to exercise a right to a competency hearing. To be sure, some of the District Court's comments with respect to defendant's mental health were arguably ill-advised. However, the District Court made clear when imposing an above-Guidelines sentence that its primary reason for doing so was its belief that defendant's extensive criminal record was no longer adequately reflected in the applicable Sentencing Guidelines range. The District Court noted that while "[n]one of the

4

facts set forth in the prior sentencing [had] changed," App'x 176, the change in the law had substantially reduced defendant's advisory Sentencing Guidelines range.

We thus find no basis in the record to suggest that the District Court's inartfully worded statements undermined the fairness, integrity, or public reputation of the sentencing proceeding so as to manifest plain error.

### b.

We also reject defendant's contention that the District Court did not give proper consideration to his mitigation arguments. The record makes clear that the District Court reviewed all sentencing submissions of both parties, as well as the original and revised Presentence Reports, before imposing the sentence it deemed appropriate. The record is likewise clear that the District Court was well aware of defendant's difficult personal history when it imposed its sentence. "[W]e entertain a strong presumption that the sentencing judge has considered all arguments properly presented to [him], unless the record clearly suggests otherwise." *United States v. Fernandez*, 443 F.3d 19, 29 (2d Cir. 2006), *abrogated on other grounds by Rita v. United States*, 551 U.S. 338 (2007). This presumption is "especially forceful" where, as here, the District Court makes it "abundantly clear that [it] has read the relevant submissions and that [it] has considered the §3553(a) factors." *Id.* Houston has pointed to nothing in the record that rebuts, much less contradicts, this presumption.

### c.

We also reject defendant's argument that the District Court imposed a longer sentence for the express purpose of promoting defendant's need for rehabilitation. The District Court did highlight, among many other factors, defendant's need for rehabilitation in its written statement of reasons for imposing the sentence, but the Court's unambiguous oral pronouncements at sentencing made clear that it did not impose a longer, above-Guidelines sentence in order to fulfill any impermissible rehabilitative purpose. The District Court made no mention of any specific rehabilitative need on the part of defendant, and the record does not indicate that its general finding that Houston's sentence would serve some rehabilitative purpose played any role in improperly lengthening it.

### d.

We also reject Houston's challenge to the District Court's imposition of a curfew upon his commencement of supervised release. Houston did not object to the imposition of a curfew at the District Court, and his challenge does not warrant relief under plain error review.

5

**III.**

Defendant next asserts that his sentence of 104 months' imprisonment was substantively unreasonable. In the absence of procedural error, we will identify a sentence as substantively unreasonable only in "exceptional cases where the trial court's decision cannot be located within the range of permissible" sentences. *Cavera*, 550 F.3d at 189 (internal quotation marks omitted); *see also United States v. Jones*, 531 F.3d 163, 174 (2d Cir. 2008) (recognizing that "in the great majority of cases, a range of sentences—frequently extending well beyond the narrow ranges prescribed by the Guidelines—must be considered reasonable").

The challenged 104-month sentence was not "so far above" the Guidelines range or "so inadequately explained by the sentencing judge as to require rejection on appeal." *United States v. Sindima,* 488 F.3d 81, 85 (2d Cir. 2007) (internal quotation marks omitted). The District Court explained that it imposed a 104-month sentence due to defendant's criminal history, his having amassed 38 violations while in prior custody, the seriousness of the offense, the need to promote respect for the law, and the need to adequately deter future criminal conduct. On this record, we defer to the "district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *United States v. Pope,* 554 F.3d 240, 246 (2d Cir. 2009) (internal quotation marks omitted). And because the District Court "explained with particularity [its] basis for disagreeing with the Guidelines recommendation," we find no procedural error. *Cavera,* 550 F.3d at 197 (affirming upward variance from Guidelines explained by need for additional deterrence).

Furthermore, insofar as Houston generally faults the District Court for considering past criminal conduct that no longer subjected to him to the ACCA, that argument is defeated by both 18 U.S.C. § 3661 (recognizing district court authority at sentencing to consider any information pertaining to "background, character, and conduct" of person convicted of an offense) and 18 U.S.C. § 3553(a)(1) (identifying "history and characteristics" of defendant as relevant sentencing factors). *See also United States v. Reyes,* 691 F.3d 453, 460 (2d Cir. 2012) (stating that a district court may consider conduct underlying prior convictions under § 3553(a)(1)).

**IV.**

One claim remains outstanding from Houston's initial 2013 appeal. We reject Houston's contention that the District Court erred in denying his request for a second substitution of counsel.

We review the Court's decision for abuse of discretion,[3] and find that the District Court did not abuse that discretion, or otherwise err in denying this request.

We examine four factors upon review of a District Court's denial of a defendant's motion to substitute counsel: (1) whether the defendant's motion for new counsel was timely; (2) whether the district court adequately inquired into the matter; (3) whether the conflict between defendant and attorney "was so great that it resulted in a total lack of communication preventing an adequate defense"; and (4) "whether the defendant substantially and unjustifiably contributed to the breakdown in communication." *United States v. John Doe No. 1*, 272 F.3d 116, 123 (2d Cir. 2001) (internal quotation marks omitted).

A defendant "does not have the unbridled right to reject assigned counsel and demand another." *United States v. Calabro*, 467 F.2d 973, 986 (2d Cir. 1972). Houston had already been permitted one substitution of counsel when he asked that his second court-appointed lawyer be removed. Defendant argues that the District Court's inquiry into the seriousness of defendant's repeated requests for a third court-appointed lawyer was insufficient. We disagree.

The District Court gave appropriate, if limited, consideration to defendant's second substitution request given defendant's long history of making false, frivolous claims and difficult behavior before the Court and the Court's months-long observations of the able handling of defendant's case by his second court-appointed counsel. Moreover, "if the reasons proffered are insubstantial and the defendant receives competent representation from counsel, a court's failure to inquire sufficiently or to inquire at all constitutes harmless error." *John Doe No. 1*, 272 F.3d at 123.

The record indicates that when the District Court relieved Houston's first counsel, that lawyer informed the Court that Houston would request "a third and a fourth lawyer" until he found one who shared his views on the appropriate disposition of his case. JA 65-66.[4] The record also shows that Houston contributed substantially and unjustifiably to his dissatisfaction with his counsel and that his alleged dissatisfaction did not affect his counsel's ability to mount an adequate defense.

In sum, the District Court did not abuse its discretion when, mindful of defendant's behavior and history with past counsel, he denied defendant's request for a second substitution of counsel.

---

[3] *See United States v. Hsu*, 669 F.3d 112, 122 (2d Cir. 2012).

[4] "JA" refers to the Joint Appendix submitted by the parties in Houston's initial 2013 appeal.

7

**CONCLUSION**

We have considered all remaining arguments raised by defendant in both of his appeals and find them all to be without merit. For the foregoing reasons, we **AFFIRM** the March 17, 2017 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk