OPINION OF THE COURT
Alexander, J.
The issue on this appeal is whether, after a proceeding has been terminated by entry of judgment, a trial court has authority to revoke its finding that a defendant is a youthful offender in order to legitimate a sentence that is impermissible under the youthful offender law.
Defendant was convicted in Albany County Court, upon his plea of guilty to criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]), a class B felony, in full satisfaction of a three-count indictment pursuant to a plea agreement reached between his counsel and the prosecutor. The attorneys agreed to recommend to the court that defendant be sentenced to "no more than two to six years” of imprisonment, with the People taking no position on defendant’s application for youthful offender treatment. At the plea proceedings, based on its understanding of the plea bargain, the court made a preliminary indication that, subject to a presentence report from the Probation Department, it intended to sentence defendant to "a period of not less than two, nor more than six years” in State prison. On January 16, 1990, following receipt of the presentence report, the court sentenced defendant to 2 to 6 years of imprisonment. The court also determined, in its discretion, to treat defendant as a youthful offender. The sentence imposed by the court, 2 to 6 years, however, was inconsistent with a youthful offender adjudication (see, CPL 720.20 [3]; Penal Law §§ 60.02, 70.00 [2] [e]).
*64 Subsequently, on January 19, 1990, the sentencing court reconvened for the purpose of "resentencing” defendant in light of its realization that the sentence imposed was incompatible with a youthful offender adjudication. The court noted that after having granted defendant youthful offender status and sentencing him to 2 to 6 years, it had become aware that "that was an improper sentence and that youthful offender treatment cannot be granted if one is sentenced to more than one and a third to four years, the maximum sentence for a Class E felony.” It held that the youthful offender finding was therefore "an improvident exercise of discretion and under the circumstances was improper.” The court then purported to "resentence” defendant by rescinding the youthful offender adjudication and reimposing the sentence of 2 to 6 years.
The Appellate Division affirmed, concluding that because County Court could not adjudicate defendant a youthful offender and at the same time impose a prison sentence of 2 to 6 years, the court could "correct” its "illegal” sentence by revoking the youthful offender adjudication. Leave to appeal to this Court was granted to the defendant by a Judge of this Court.
The People contend that the trial court’s action in revoking the youthful offender adjudication was proper in view of its inherent power to correct an illegally imposed sentence. They argue, in effect, that a youthful offender finding is so intertwined with the sentence portion of a criminal judgment as to become part and parcel of the sentence, and therefore may be rescinded in order to legitimate a term of imprisonment that is incompatible with a youthful offender adjudication. Because that argument is inconsistent with a proper interpretation of the youthful offender statute and decisions of this Court, it must be rejected, and the Appellate Division reversed.
Pursuant to CPL 720.20, whenever an "eligible youth” is convicted of a crime, the court must order a presentence investigation of the defendant, and at the time of pronouncing sentence "must determine whether or not the eligible youth is a youthful offender” (CPL 720.20 [1]). The court may, in its discretion, find that the youth is a youthful offender, if "in the opinion of the court the interest of justice would be served by relieving the eligible youth from the onus of a criminal record and by not imposing an indeterminate term of imprisonment of more than four years” (CPL 720.20 [1] [a]). If the court determines that the youth is a youthful offender, "the court *65 must direct that the conviction be deemed vacated and replaced by a youthful offender finding; and the court must sentence the defendant pursuant to section 60.02 of the penal law” (CPL 720.20 [3]).
Pursuant to CPL 720.10, a "youthful offender finding” "substitute^] for the conviction of an eligible youth, pursuant to a determination that the eligible youth is a youthful offender” (CPL 720.10 [4]), and a "youthful offender sentence” is "the sentence imposed upon a youthful offender finding” (CPL 720.10 [5]). Together, the youthful offender finding and the youthful offender sentence imposed thereupon constitute a "youthful offender adjudication” (CPL 720.10 [6]). Thus, contrary to the People’s argument, this is not merely a situation where the court has exercised its inherent power to correct its "own inadvertence in pronouncing the sentence” (see, People v Minaya, 54 NY2d 360, 365); rather, here the court intentionally adjudicated defendant a youthful offender, but imposed a sentence which is impermissible under the youthful offender statute.
We have previously addressed the issue of "whether and to what extent a court has ’inherent power’ in respect to proceedings before it” (Matter of Kisloff v Covington, 73 NY2d 445, 450). For instance, in Kisloff, we made clear that a court has power to correct its own error where "the Judge merely misspoke in imposing sentence,” or where "a patent clerical error has been made in imposing sentence” (id., at 450). We emphasized, however, that we have " '[i]n no instance * * * recognized a court’s inherent power to vacate a plea and sentence over defendant’s objection where the error goes beyond mere clerical error apparent on the face of the record and where the proceeding has been terminated by the entry of judgment’ ” (Matter of Kisloff v Covington, supra, at 450, quoting Matter of Campbell v Pesce, 60 NY2d 165, 169).
It is well established that courts have inherent power to vacate orders and judgments obtained by fraud or misrepresentation (see, e.g., Matter of Holden, 271 NY 212 [civil]; Furman v Furman, 153 NY 309 [same]; see also, Matter of Lyons v Goldstein, 290 NY 19 [court has inherent power to vacate plea obtained by fraud and misrepresentation]; see also, Matter of Lockett v Juviler, 65 NY2d 182 [court may vacate special plea of "not responsible by reason of mental disease or defect” accepted pursuant to CPL 220.15 on the ground that it was fraudulently obtained]). There is no indication on this *66 record, however, that the court rescinded its youthful offender finding for any reason other than that the defendant could not be adjudicated a youthful offender and be sentenced to 2 to 6 years’ imprisonment. County Court understood the plea bargain to allow for a maximum sentence of "not less than 2 nor more than 6 years” imprisonment. The record shows, however, that after having read the presentence report (in which the Probation Department strongly recommended youthful offender treatment), and letters submitted from community residents and individuals familiar with defendant’s character and background, the court exercised its discretion and concluded that defendant should be accorded youthful offender status. A youthful offender finding having properly been made, the court was statutorily required to sentence defendant pursuant to the mandates of the youthful offender law. Thus, since the defendant was convicted of a felony, the maximum sentence that could be imposed upon him as a youthful offender was no more than four years (see, CPL 720.20 [3]; Penal Law § 60.02 [2]; § 70.00 [2] [e]).
This situation is not unlike that presented in Matter of Kisloff v Covington (supra). In Kisloff, the defendant, a predicate felon, was improperly allowed to enter a plea of guilty to the crime of attempted grand larceny in the third degree, which was at the time classified as a class A misdemeanor. Supreme Court, mistakenly believing that the crime of attempted grand larceny in the third degree was a class E felony, imposed a felony sentence. After the criminal proceeding had terminated by the entry of judgment, the court, upon learning of the mistake, and over defendant’s objection, vacated the illegal plea and sentence and set the matter down for trial on the indictment. We held that once defendant’s sentence was imposed and judgment entered, his plea could not be disturbed based upon the parties’ mutual mistake since no statutory basis existed for setting aside such a plea, and Supreme Court had no inherent power to vacate a plea and sentence over defendant’s objection. We concluded that the Appellate Division properly reinstated the original plea and remanded the matter for resentencing of the defendant as a misdemeanor offender.
Similarly, while the determination of whether an eligible youth is to be accorded youthful offender treatment is left to *67 the court’s discretion (CPL 720.20 [1] [a]), absent evidence of fraud or misrepresentation there is no inherent power in the court to revoke a youthful offender finding once the proceeding is terminated by entry of judgment, nor is any such power granted by statute. Although the Criminal Procedure Law recognizes illegality as a basis for setting aside a sentence (CPL 440.20 [1]; 440.40; see also, 430.10), the underlying conviction is left undisturbed and the defendant must be resentenced in accordance with law (see, CPL 440.20 [4]; 440.40 [5]; see also, Matter of Kisloff v Covington, 73 NY2d 445, 452, supra). As the youthful offender law makes clear, the youthful offender finding is substituted for, and becomes, in essence, the conviction of the eligible youth; like the plea in Kisloff, it cannot be vacated over defendant’s objection.
It is therefore clear that only the sentence imposed by County Court was illegal, since there was no indication that the court believed that the youthful offender finding in and of itself was inappropriate, and the court clearly indicated that it acted only in order to legitimate the term of sentence imposed. Thus, "the proper curative course in the absence of defendant’s consent to do otherwise, was to impose a new sentence consistent as a matter of law with [the youthful offender finding]” (see, Matter of Kisloff v Covington, supra, at 452).
Since we conclude that County Court had no authority to revoke the youthful offender finding, we have no occasion to reach defendant’s alternative arguments. Accordingly, the order of the Appellate Division should be reversed, and the case remitted to Albany County Court for further proceedings in accordance with this opinion.