■ 142 Fulton LLC, Appellant, v Laurence Hegarty et al., Respondents, et al., Defendants. [839 NYS2d 45]—

Order, Supreme Court, New York County (Edward H. Lehner, J.), entered June 30, 2006, which, inter alia, granted the motion of defendants-respondents to vacate a consent judgment entered November 8, 1996 pursuant to a June 1996 stipulation, which judgment declared that the premises occupied by defendants were not subject to the Rent Stabilization Law, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered September 25, 2006, which denied plaintiff's motion for reargument of its prior motion, unanimously dismissed, without costs, as taken from a nonappealable order. Order, same court and Justice, entered March 12, 2007, which, inter alia, denied plaintiff's cross motion for summary judgment dismissing defendants' affirmative defenses and counterclaims, for partial summary judgment declaring that defendants are not subject to the Emergency Tenant Protection Act, and for a judgment of ejectment, unanimously affirmed, without costs.

In August 1996, plaintiff or its predecessor, the owner of a six-story commercial building at 142 Fulton Street in Manhattan, and defendants-respondents, the occupants of six lofts that had been illegally converted to residential use, entered into a stipulation providing for the entry of a judgment declaring that the lofts were not subject to the Rent Stabilization Law of 1969, as amended (RSL), or the Loft Law (Multiple Dwelling Law art 7-C), and providing for, inter alia, 10-year leases at the then current rents, with increases equal to those permitted by the New York City Rent Guidelines Board, and providing that

defendants would vacate their respective lofts at the expiration of their leases.

It was acknowledged that defendants were seeking to obtain renewal leases for their respective lofts, which they claimed were subject to the Rent Stabilization Law, pursuant to the Emergency Tenant Protection Act (ETPA), and/or the Loft Law; that plaintiff was "unwilling to offer defendants any lease or enter into any contractual obligations until it ha[d] obtained a declaration that the respective lofts and the agreed upon rent to be charged therefor[ ] [would] not be subject to the Loft Law and/or the RSL"; and that the parties had reached an impasse in negotiations and "desire[d] the intervention of a court of [ ] competent jurisdiction to resolve the dispute amongst and between them as to the status of the respective lofts and to obtain a declaration that the respective lofts are exempt from coverage under the RSL and the Loft Law, and will be exempt during the term of the defendants' occupancy."

In light of this Court's decision in *Wilson v One Ten Duane St. Realty Co.* (123 AD2d 198 [1987]), the parties included in the stipulation the representation that "the building was substantially rehabilitated for residential use after January 1, 1974 and the tenants did not complete the substantial rehabilitation." This representation was false and was known at the time to be false by counsel for all parties.

Plaintiff thereafter commenced the instant action, seeking, inter alia, a declaration that the lofts were, and would be during the term of defendants' occupancies, exempt and excluded from the protection and provisions of the Loft Law and the Rent Stabilization Law "by virtue of the fact that the building was substantially rehabilitated for residential units after January 1, 1974." A consent judgment was entered declaring that the lofts were so exempt and excluded, although the representation concerning substantial rehabilitation was replaced by the language, "pursuant to an agreement among the parties."

In view of the fact that the representation concerning substantial rehabilitation was the basis for the decretal provision of the consent judgment that the lofts were not covered by the Rent Stabilization Law, the court properly vacated the judgment, and the waivers of the protections of the Rent Stabilization Law in the stipulation, on the ground that the parties procured the judgment by means of a misrepresentation to the court of a material fact (*see Thornton v Baron*, 5 NY3d 175, 178 [2005]). "It is well established that courts have inherent power to vacate orders and judgments obtained by fraud or misrepresentation" (*People v Calderon*, 79 NY2d 61, 65 [1992]).

The court properly found that the lofts may possibly be legalized and accordingly that they may be subject to rent stabilization (*see Duane Thomas LLC v Wallin*, 35 AD3d 232 [2006]; *cf. Wolinsky v Kee Yip Realty Corp.*, 2 NY3d 487 [2004]). Concur—Sullivan, J.P., Nardelli, Williams, Gonzalez and Catterson, JJ. [*See* 14 Misc 3d 1223(A), 2007 NY Slip Op 50133(U).]