OPINION OF THE COURT
Memorandum.
Appeal dismissed.
Defendant corporation, charged with failure to comply with an order to eliminate a dangerous or hazardous condition, failed to appear in the District Court through counsel (see CPL 600.20), and the court below accepted a guilty plea from defendant’s president. Following the imposition of sentence, the prosecutor objected that defendant should have been required to appear with counsel. On this appeal, the People raise the same issue.
The appeal is dismissed since it is unauthorized by statute (CPL 450.20). To the extent that the instant appeal by the People can be deemed to be from the sentence imposed (see CPL 450.30 [2]), the following language of the Court of Appeals in the case of People v Cosme (80 NY2d 790, 792 [1992]) is noteworthy:
“While CPL 450.30 (2) authorizes the People to appeal from a sentence that is invalid as a matter of law, it does not similarly entitle the People to appeal from a conviction. The People[’s] . . . challenge instead focuses upon the legality of the Trial Judge’s decision to accept the defendant’s plea over the prosecutor’s objection. Thus, in the guise of challenging the sentence imposed, the People are in essence attacking the validity of the defendant’s underlying conviction. This the statute does not permit them to do.”
Similarly, in the case at bar, the gist of the People’s position is not a challenge to the validity of the sentence itself, e.g., by contending that it is less than the legal maximum, but instead, they are “in essence attacking the validity of the defendant’s underlying conviction,” which “the statute does not permit them to do” (id.).
Were the matter properly before us, moreover, we would conclude that the People’s contentions are either unpreserved or lacking in merit. By omitting to raise a timely objection, the People waived their objection to the court proceeding to arraignment, plea and sentence without an attorney (see CPL *76 470.15 [2]). Furthermore, since the defendant corporation chose not to appear through counsel, as required by the statute (CPL 600.20), the court was authorized to enter a guilty plea and to impose a sentence (id.; see generally People v Erin Constr. Corp., 147 Mise 2d 158, 159 [App Term, 1st Dept 1990]).
Rudolph, EJ., Molía and Scheinkman, JJ., concur.