# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

553
KA 10-01492
PRESENT: SCUDDER, P.J., CENTRA, CARNI, SCONIERS, AND GREEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, APPELLANT,

V                                    MEMORANDUM AND ORDER

JASON L., DEFENDANT-RESPONDENT.

---

THOMAS E. MORAN, DISTRICT ATTORNEY, ROCHESTER (VICTOR D. ROWCLIFFE OF COUNSEL), FOR APPELLANT.

THE PARRINELLO LAW FIRM, LLP, ROCHESTER (BRUCE F. FREEMAN OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an adjudication of the Livingston County Court (Robert B. Wiggins, J.), rendered April 13, 2010.  Defendant was adjudicated a youthful offender upon his plea of guilty to burglary in the first degree.

It is hereby ORDERED that said appeal is unanimously dismissed.

Memorandum:  The People purport to appeal from a sentence imposing a term of incarceration upon defendant's plea of guilty of burglary in the first degree (Penal Law § 140.30 [2]), after County Court found that defendant was a youthful offender.  The People contend that the court abused its discretion in granting defendant youthful offender status and that, as a result, the sentence imposed is invalid as a matter of law.  We conclude that the appeal must be dismissed.  "CPL 450.30 (2) authorizes the People to appeal from a sentence that is invalid as a matter of law" (*People v Cosme*, 80 NY2d 790, 792), but that statute does not authorize the People to appeal from a youthful offender finding (*see generally People v Calderon*, 79 NY2d 61, 63-64, 67).  Indeed, upon finding that an individual is a youthful offender, "the court must direct that the conviction be deemed vacated and replaced by a youthful offender finding[,] and *the court must sentence the defendant* pursuant to section 60.02 of the penal law" (CPL 720.20 [3] [emphasis added]).  "[T]he youthful offender finding and the youthful offender sentence imposed thereupon constitute a 'youthful offender adjudication' " (*Calderon*, 79 NY2d at 65).  Here, the People do not allege that the sentence of incarceration of 1⅓ to 4 years is illegal.  Rather, "in the guise of challenging the sentence imposed, the People are in essence attacking the validity of the defendant's underlying [youthful offender finding,] . . . [which CPL 450.30 (2)] does not permit them to do"

(*Cosme*, 80 NY2d at 792).

Entered:  April 29, 2011                    Patricia L. Morgan
                                           Clerk of the Court