**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1960-19

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

TERRENCE MURRELL,

      Defendant-Appellant.

_____

Submitted November 1, 2021 – Decided November 18, 2021

Before Judges Rothstadt and Natali.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Indictment No. 19-03-0323.

Joseph E. Krakora, Public Defender, attorney for appellant (Elizabeth C. Jarit, Deputy Public Defender, of counsel and on the briefs).

Mark Musella, Bergen County Prosecutor, attorney for respondent (Jaimee M. Chasmer, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

After defendant Terrence Murrell was twice denied admission to Drug Court, he pled guilty to a single count of second-degree attempted robbery under N.J.S.A. 2C:5-1(a)(1), N.J.S.A. 2C:15-1(a)(1), and was sentenced to a five-year custodial term with an eighty-five percent period of parole ineligibility imposed pursuant to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. He challenges the court's decisions denying his entry into the diversionary Drug Court program, and his resulting sentence, specifically raising the following points for our consideration:

> POINT I
>
> RECONSIDERATION OF [DEFENDANT'S] DRUG COURT APPLICATION IS REQUIRED BECAUSE THE COURT MISTAKENLY RELIED UPON A YOUTHFUL OFFENDER FINDING AND APPLIED THE INCORRECT STANDARD IN DENYING ADMISSION.
>
> A. The court mistakenly considered a youthful offender finding as the equivalent of a juvenile adjudication in rejecting [Defendant] from Drug Court.
>
> B. The court failed to apply the correct standard for assessing dangerousness as articulated in the new Drug Court manual.

A-1960-19

POINT II

RESENTENCING IS REQUIRED DUE TO A SERIES OF ERRORS RENDERING THE SENTENCE EXCESSIVE.

POINT III

THE LAW REQUIRING SENTENCING MITIGATION FOR YOUTHFUL DEFENDANTS DEMANDS RETROACTIVE APPLICATION BECAUSE THE [LEGISLATURE] INTENDED IT, THE NEW LAW IS AMELIORATIVE IN NATURE, THE SAVINGS STATUE IS INAPPLICABLE, AND FUNDAMENTAL FAIRNESS REQUIRES RETROACTIVITY.

A. The Legislature Intended Retroactive Application.

   1. The Legislature did not express a clear intent for prospective application.

   2. The other language of the mitigating factor indicates retroactive application; the presumption of prospective application is inapplicable; and the law is clearly ameliorative.

   3. There is no manifest injustice to the State in applying the mitigating factor retroactively.

B. The Savings Statute Does Not Preclude Retroactive Application of Ameliorative Legislative Changes, Like the One at Issue Here.

C. Retroactive Application of the Mitigating Factor Is Required as a Matter of Fundamental Fairness,

A-1960-19

and to Effectuate the Remedial Purpose of the Sentencing Commission's Efforts Regarding Juvenile Sentencing.

After considering these arguments against the record and applicable legal principles, we affirm the court's decision to deny defendant's admission to Drug Court as well as its five-year custodial sentence, which was the minimum ordinary term for a second-degree offense. N.J.S.A. 2C:43-6(a)(2).

I.

On March 22, 2019, a grand jury charged defendant with two counts of first-degree employment of a juvenile to commit a crime, N.J.S.A. 2C:24-9(a) and 2C:15-1(a), two counts of second-degree robbery, N.J.S.A. 2C:15-1(a), and two counts of second-degree conspiracy to commit a robbery, N.J.S.A. 2C:5-2(a)(1) and 2C:15-1(a). The charges relate to two incidents on the same day in which defendant and a juvenile were accused of luring unsuspecting victims through social media to locations in East Rutherford and Wallington by promising to sell them iPhones, only to rob and beat them.

After defendant applied for admission into Drug Court, a substance abuse counselor diagnosed him with severe opioid, sedative, and cannabis use disorders, as well as moderate alcohol use disorder, and recommended he be admitted to intensive outpatient treatment. Despite defendant's clinical

4

eligibility for Drug Court, the prosecutor determined he was statutory ineligible, explaining at a later hearing before Judge Gary N. Wilcox that defendant was "per se bar[red]" because of his pending first-degree charges and that even if defendant pled to a lesser offense, he was still ineligible because the "crimes were not committed due to a drug addiction" and "defendant poses a danger to the community." See N.J.S.A. 2C:35-14(b)(1), N.J.S.A. 2C:35-14(a)(3), and N.J.S.A. 2C:35-14(a)(9).

On the latter point, the prosecutor informed Judge Wilcox that defendant previously "pled guilty to or was adjudicated delinquent for" attempted murder in New York related to an incident where he "attempted to cause the death of a victim . . . by shooting him." The State also asserted that defendant was on parole for that offense when he committed the East Rutherford and Wallington robberies. In response, defendant's counsel argued that while defendant had, in fact, been "adjudicated delinquent . . . as a juvenile . . . all we have is that prior delinquency adjudication. We don't know the particular facts of the case."

Judge Wilcox denied defendant's application after agreeing with the State that defendant was statutory ineligible for Drug Court based on his pending first-degree charges alone. The judge stated, however, that he would reconsider the application should defendant plead to something less than a first-degree crime

but expressed concern about "the history of violence in defendant's criminal history."

Defendant agreed to plead guilty to two counts of second-degree robbery related to the East Rutherford and Wallington incidents in exchange for the State's recommendation of a seven-year custodial term with an eighty-five percent period of parole eligibility under NERA and the dismissal of the remaining charges. At the plea hearing, however, defendant was unable to provide a factual basis sufficient to support a second-degree robbery conviction related to the Wallington incident. As a result, the State amended its plea offer to a single count of attempted robbery related to the East Rutherford incident, with a similar seven-year NERA sentence which defendant accepted.

As defendant's plea agreement resulted in the dismissal of the first-degree charges, he filed a new application for admission into Drug Court. After considering the parties' submissions and oral arguments, Judge Wilcox again rejected defendant's application, finding that "defendant does pose or will pose a danger to the community." The judge explained that although he was "loathe to disqualify anyone for anything based on something they did as a juvenile," "defendant here loses the benefit of that doubt based on his current guilty plea for this charge" and that "when taken in combination with each other, the prior

A-1960-19

juvenile delinquency adjudication for attempted murder combined with the current charge . . . indicates a level of violence which would pose a danger to the community." In addition, Judge Wilcox found significant that defendant was "still on parole supervision for th[e] . . . delinquency adjudication" when he committed the East Rutherford attempted robbery.

At sentencing, defendant's counsel argued for a three-year custodial term reflective of a third-degree charge, and requested that Judge Carol Novey Catuogno apply mitigating factors three, defendant acted under a strong provocation, N.J.S.A. 2C:44-1(b)(3), nine, the character and attitude of defendant indicates that defendant is unlikely to commit another offense, N.J.S.A. 2C:44-1(b)(9), eleven, the imprisonment of the defendant would entail excessive hardship to the defendant or the defendant's dependents, N.J.S.A. 2C:44-1(b)(11) and twelve, the willingness of the defendant to cooperate with law enforcement authorities, N.J.S.A. 2C:44-1(b)(12).

In support of these mitigating factors, defendant's counsel argued defendant acted under provocation due to "peer pressure," recounted his "history of substance abuse," and noted his peaceful surrender and voluntary statement which indicated he was willing to cooperate with law enforcement. Counsel further asserted that defendant was a "young m[a]n who, with the proper

<span>A-1960-19</span>

guidance" and "support . . . can get his life on track" and that his newborn son and his mother would be "deprived of [defendant's] presence" during his incarceration, representing a hardship.

Defendant also made a statement in which he assumed "full responsibility," acknowledged the "severity of [his] actions," apologized to the court and the victim, and expressed his aspirations to "move forward and walk the right path in life as a productive member of society." Defense counsel also clarified that because defendant was sixteen at the time of the New York offense, he was prosecuted as an adult for the attempted murder charge but was deemed a youthful offender by the New York court.

The State requested that Judge Novey Catuogno impose a seven-year sentence consistent with the parties' plea agreement and, in support, urged the judge to apply aggravating factors three, the risk that defendant will commit another offense, N.J.S.A. 2C:44-1(a)(3), six, the extent of defendant's prior criminal record and the seriousness of the offenses of which defendant has been convicted, N.J.S.A. 2C:44-1(a)(6), and nine, the need for deterring defendant and others from violating the law, N.J.S.A. 2C:44-1(a)(9). The State stressed that defendant was on parole related to the attempted murder charge that ultimately led to the youthful offender adjudication in New York when he

committed the East Rutherford attempted robbery that caused injury to the victim.

Judge Novey Catuogno rejected both parties' sentencing recommendations. Acknowledging that the plea agreement called for a seven-year custodial term, she nevertheless imposed a five-year sentence and stated seven years is "a long time for a young man."

In support, the judge found applicable aggravating factors three and nine and mitigating factor eleven. As to aggravating factor three, she reasoned that defendant's risk of reoffending was "illustrated by the fact that . . . , although there is no plea to the first event this was clearly the second stop for [defendant] and his co-defendant that evening."

Judge Novey Catuogno did not specifically address defendant's request for the application of mitigating factors nine or twelve and rejected mitigating factor three. She also refused to apply mitigating factor thirteen, the conduct of a youthful defendant was substantially influenced by another person more mature than defendant, N.J.S.A. 2C:44-1(b)(13), explaining that although defendant was twenty-two years old, his "experience in his younger life perhaps should have given him wisdom beyond his years when it comes to involvement

in criminality, and that is of course referencing the New York conviction for attempted murder." This appeal followed.

## II.

In defendant's first point he argues that Judge Wilcox erred in denying his admission to Drug Court. He specifically relies on State v. K.S., 220 N.J. 190 (2015), asserting that the judge committed reversible error when he considered his prior youthful offender adjudication from New York. Alternatively, he asserts that if consideration of his youthful offender adjudication was permissible, Judge Wilcox erred by failing to consider the substance of that finding. Second, he argues that the court failed to apply correctly the standard for evaluating whether he presented a danger to the community as provided in the revised Drug Court Manual. We disagree and conclude defendant's arguments are both procedurally defective and substantively without merit.

We initially note that defendant failed to raise any of the aforementioned challenges before Judge Wilcox and, as such, the "legal propriety [of those arguments] never was ruled on . . . [and] the issue[s] [were] not properly preserved for appellate review."[1] State v. Robinson, 200 N.J. 1, 18-19 (2009).

---

[1] We do not consider defendant's counsel's statements at the proceedings before Judge Wilcox or Judge Novey Catuogno, in which defendant's youthful offender

Further, as defendant's contentions do not "go to the jurisdiction of the trial court or concern matters of great public interest," they do not qualify for an exception to the general prohibition against deciding issues on appeal that were "not properly presented to the trial court." Id. at 20 (quoting Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973)).

For purposes of completeness, we nevertheless address, and reject, defendant's arguments on the merits. "[W]e review a sentencing court's decision to admit or deny admission to Drug Court for an abuse of discretion." State v. Harris, 466 N.J. Super. 502, 553 (App. Div. 2021). "[D]eference to the findings made by Drug Court judges is especially appropriate in view of their expertise in addressing 'the unique problems and needs posed by non-violent, drug dependent offenders.'" Id. at 549 (quoting State v. Meyer, 192 N.J. 421, 423 (2007)).

Defendants who are subject to a presumption of incarceration may be admitted to Drug Court only if they "meet all nine eligibility criteria for special probation set forth in N.J.S.A. 2C:35-14(a)." Id. at 551. Those criteria include

---

adjudication was briefly discussed, sufficient to preserve the issues counsel presents before us. R. 1:7-2. We also note, contrary to Rule 2:6-2(a)(1), defendant's first point heading fails to state that these issues were not raised before Judge Wilcox.

that "no danger to the community will result from the person being placed on special probation." N.J.S.A. 2C:35-14(a)(9). In the revised Drug Court Manual "[d]anger to the community means that the supervisory resources of drug court are not adequate to safely treat the defendant in the community at the appropriate level of care." Administrative Office of the Courts, <u>New Jersey Statewide Drug Court Manual</u> 9 (2019). Further, when determining whether to admit a defendant to Drug Court, "the court shall consider all relevant circumstances," "shall take judicial notice of any evidence, testimony[,] or information adjudicated at the . . . plea hearing or other court proceedings and shall also consider the presentence report and the results of the professional diagnostic assessment." N.J.S.A. 2C:35-14(a).

To appropriately address defendant's arguments, we briefly discuss the meaning, and effect, of a youthful offender adjudication under New York Law. A New York youthful offender adjudication is not equivalent to a dismissed charge. <u>See</u> <u>People v. Calderon</u>, 588 N.E.2d 61, 67 (N.Y. 1992). Before being afforded youthful offender status, an eligible youth must first be convicted. <u>See</u> N.Y. Crim. Proc. Law § 720.20(1). "Upon determining that an eligible youth is a youthful offender, the court must direct that the conviction be deemed vacated and <u>replaced</u> by a youthful offender finding; and the court must sentence the

defendant pursuant to section 60.02 of the penal law." N.Y. Crim. Proc. Law § 720.20(3) (emphasis added); see also N.Y. Crim. Proc. Law § 720.10(4) (defining a "youthful offender finding" in part as "a finding substituted for the conviction of an eligible youth"). Thus, "[a]s the youthful offender law makes clear, the youthful offender finding is substituted for, and becomes, in essence, the conviction of the eligible youth." Calderon, 588 N.E.2d at 67; see also People v. Compton, 328 N.Y.S. 2d 72, 73 (App. Div. 1972) ("While an adjudication as a [y]outhful [o]ffender is not a conviction, a plea of guilty constitutes an admission that a defendant committed an act which would be a crime if committed by an adult."); compare N.Y. Crim. Proc. Law § 720.20(1) (providing that a youthful offender finding replaces a conviction) with N.J.S.A. 2A:4A-43(b)(1) (allowing for an adjournment of a formal entry of disposition and subsequent dismissal if a juvenile makes a satisfactory adjustment).

It is well settled that New Jersey courts may consider a defendant's juvenile record in making sentencing determinations. State v. C.W., 449 N.J. Super. 231, 259-60 (App. Div. 2017). In C.W., we held that "an adult defendant's prior juvenile record may properly be considered in making sentencing determinations, particularly if the juvenile adjudications are relatively recent, voluminous, or severe." Id. at 259. We also stated, in the

context of pre-trial detention hearings, that "[a] defendant's prior adjudications of delinquency and the nature of his or her juvenile offenses are logically part of his or her 'history and characteristics' and <u>indicative of the danger he or she poses to the community</u> under N.J.S.A. 2A:162-20(c) and (d)." <u>C.W.</u>, 449 N.J. Super. at 259 (emphasis added).

As noted, defendant contends Judge Wilcox erred by considering his youthful offender status in denying his admission to Drug Court, contrary to the holding of <u>K.S.</u> 220 N.J. at 199. In that case, the Supreme Court held that a prosecutor may not consider prior dismissed charges for any purpose in connection with a pre-trial intervention application where the facts related to the arrest are in dispute or have not been determined after a hearing. <u>Ibid.</u>

In making this argument, defendant necessarily asserts that a youthful offender adjudication is akin to a dismissed charge. It is not. Rather, as noted, a youthful offender adjudication "is substituted for, and becomes, in essence, the conviction of the eligible youth" and "constitutes an admission that a defendant committed an act which would be a crime if committed by an adult." <u>Calderon</u>, 588 N.E.2d at 67; <u>Compton</u>, 328 N.Y.S. 2d at 73. Judge Wilcox was clearly permitted to consider defendant's youthful offender adjudication, and he did not abuse his discretion in doing so. <u>C.W.</u>, 449 N.J. Super. 231, 259-60.

14                                                                     A-1960-19

Further, we stress a point relied upon by Judge Wilcox. Defendant not only was adjudicated a youthful offender, but he was on parole for his youthful offender adjudication when he committed the East Rutherford attempted robbery. We find that fact persuasive, as did Judge Wilcox, when assessing whether defendant would pose a danger to the community.

We also reject defendant's related contention that when considering his youthful offender adjudication, Judge Wilcox erred by failing to consider the substance of that offense. A fair reading of the judge's reasoning indicates that he considered: 1) defendant's initial guilty plea, 2) his juvenile status, 3) that defendant was afforded youthful offender status related to the initial attempted murder charge, 4) defendant's guilty plea to a violent attempted robbery, and 5) that defendant was on parole at the time of the attempted robbery. These were all appropriate considerations and Judge Wilcox did not merely rely on the label of defendant's initial attempted murder charge, as defendant suggests, but rather holistically reviewed his criminal history and drew reasonable inferences therefrom. That careful consideration provides us no basis to conclude that Judge Wilcox abused his discretion. Harris, 466 N.J. Super. at 553. We also note that the pre-sentence report, which Judge Wilcox was entitled to rely on, contained sufficient detail about defendant's attempted murder plea.

15

We also reject defendant's argument that Judge Wilcox failed to apply the correct standard for dangerousness detailed in the recent 2019 Drug Court Manual. The mere fact that Judge Wilcox did not recite the text of the Drug Court Manual that the "supervisory resources of Drug Court are not adequate to safely treat the defendant in the community at the appropriate level of care" provides no basis to conclude that he applied an incorrect standard or abused his discretion. Harris, 466 N.J. Super. at 549, 553. As noted, Judge Wilcox, an experienced Drug Court Judge, based his decision on information in the record which included defendant's juvenile history and his parole violation, along with the violent nature of the attempted robbery to which he pled guilty. Those facts clearly supported his conclusion that defendant was a danger to the community beyond the resources of Drug Court.

## III.

In defendant's second point he argues that his sentence is excessive and remand for resentencing is required because Judge Novey Catuogno committed a series of errors such that she "could not have properly assessed whether a downgraded sentence would have been in the interest of justice." First, he asserts, again relying on K.S., that the judge "relied on alleged facts relating to dismissed charges in finding aggravating factor three." Second, he cites, State

v. Fuentes, 217 N.J. 57 (2014) and State v. Case, 220 N.J. 49 (2014), and argues his sentence should be reconsidered because Judge Novey Catuogno failed to provide a "statement of reasons in finding aggravating factor nine, and in rejecting mitigating factors seven, [the defendant has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission of the present offense, N.J.S.A. 2C:44-1(b)(7)], nine, and twelve."  Third, he maintains that the judge "applied unfounded assumptions about [defendant's] maturity at the age of [twenty-two] to reject mitigating factor thirteen."  We are unpersuaded by any of these arguments.

We employ a deferential standard when reviewing a trial court's sentencing decision.  State v. Grate, 220 N.J. 317, 337 (2015); Fuentes, 217 N.J. at 70.  We must affirm a sentence unless:  1) the trial court failed to follow the sentencing guidelines; 2) the court's findings of aggravating and mitigating factors were not based on competent and credible evidence in the record; or 3) "the [court's] application of the guidelines to the facts of [the] case makes the sentence clearly unreasonable so as to shock the judicial conscience."  Fuentes, 217 N.J. at 70 (second alteration in original) (quoting State v. Roth, 95 N.J. 334, 364-65 (1984)).

A-1960-19

When imposing a sentence for a first or second-degree crime, N.J.S.A. 2C:44-1(f)(2) permits the judge to sentence a defendant "to a term appropriate to a crime of one degree lower than that of the crime for which the defendant was convicted," if "the court is clearly convinced that the mitigating factors substantially outweigh the aggravating factors and where the interest of justice demands." "In addition to requiring a court to consider general sentencing principles, a court must consider whether there is a compelling reason to downgrade defendant's sentence in the interest of justice under section 44-1(f)(2)." State v. Megargel, 143 N.J. 484, 501 (1996).

In deciding whether a downgrade is appropriate, the focus must be on the crime because the downgrade statute "is an offense-oriented provision." State v. Lake, 408 N.J. Super. 313, 328 (App. Div. 2009). A trial court should not downgrade if the "surrounding circumstances of an offense" do not "make it very similar to a lower degree offense." Megargel, 143 N.J. at 500.

Here, Judge Novey Catuogno did not rely "on alleged facts relating to dismissed charges in finding aggravating factor three." In applying aggravating factor three, the judge stated that defendant's risk of reoffending was "illustrated by the fact that on this day, although there is no plea to the first event, this was clearly the second stop for [defendant] and his co-defendant that evening."

Defendant stated at his plea hearing that he conspired and attempted to take money from a victim in Wallington on the same night as his attempted robbery in East Rutherford. Thus, Judge Novey Catuogno was not merely basing its decision on a dismissed charge, but instead relied on "undisputed facts" admitted by defendant related to that charge and, more importantly, recounted the events on the day defendant committed the East Rutherford attempted robbery. See K.S., 220 N.J. at 199. In any event, defendant's youthful offender adjudication and commission of an attempted robbery while on parole support the imposition of aggravating factor three.

Turning to defendant's second contention, while Judge Novey Catuogno failed to provide her reasons for accepting or rejecting certain aggravating and mitigating factors, that shortcoming does not require remand under the circumstances presented. First, the judge was not required to address mitigating factor seven or twelve. While it is true that "[m]itigating factors that 'are called to the court's attention' should not be ignored," only "mitigating factors 'supported by credible evidence' are required to 'be part of the deliberative process.'" See Case, 220 N.J. at 64 (quoting State v. Blackmon, 202 N.J. 283, 297 (2010) and State v. Dalziel, 182 N.J. 494, 505 (2005)).

19

Here, Judge Novey Catuogno was under no obligation to address mitigating factor seven because that factor was never called to her attention and was not supported by credible evidence because of defendant's prior youthful offender adjudication and his parole violation. The judge was also not obligated to address mitigating factor twelve because the facts that defendant "surrendered peacefully" and "gave a statement to the police" do not establish the type of cooperation required by that factor, and therefore, that factor was not supported by credible evidence. See Dalziel, 182 N.J. at 498, 505-06 (testifying against co-defendant was cooperation); State v. Gonzalez, 223 N.J. Super. 377, 380, 393 (App. Div. 1988) (same).

Second, although we agree Judge Novey Catuogno should have given specific reasons for finding aggravating factor nine and rejecting mitigating factor nine, her finding of aggravating factor three, risk of re-offense, and its underlying reasoning provided ample support for her determination that deterrence was necessary, and defendant was not unlikely to commit another offense. Finally, a remand is not warranted because a judge fails, without more, to provide reasons for certain sentencing factors. See Fuentes, 217 N.J. at 70 ("When the trial court fails to provide a qualitative analysis of the relevant sentencing factors on the record, an appellate court may remand for

20                                                                    A-1960-19

resencing.") (emphasis added); <u>State v. Bieniek</u>, 200 N.J. 601, 609 (2010) ("our case law does not require that trial courts explicitly reject every mitigating factor argued to the court"); <u>see</u> <u>also</u> <u>State v. Jones</u>, 179 N.J. 377, 407 (2004) ("Sentencing judges must fully assess the totality of circumstances surrounding a defendant's actual criminal offense.").

We also reject defendant's third argument that Judge Novey Catuogno improperly relied on his age and experience within the criminal justice system when rejecting mitigating factor thirteen. First, we note that defendant never requested application of mitigating factor thirteen. Second, defendant's age and experience with the criminal justice system were facts that were supported by the record and were directly relevant to whether he was a "youthful defendant" who might have been "influenced" to commit a crime. Third, there was no evidence suggesting that defendant was influenced by someone more mature than him. Indeed, his codefendant was a juvenile. Fourth, we note the judge relied on defendant's age when she imposed the minimum sentence of five years, two less than the plea agreement, and the minimum ordinary term for a second-degree offense despite finding that the aggravating factors outweighed the mitigating factors.

Finally, we reject defendant's claim that a more complete consideration of the sentencing factors would have resulted in a downgrade to a sentence associated with a third-degree offense.  Even if we were to indulge defendant's contention that reconsideration of the facts would result in the mitigating factors "substantially outweighing" the aggravating factors, defendant has not offered "compelling reason" for a downgrade.  N.J.S.A. 2C:44-1(f)(2); Megargel, 143 N.J. at 501.  In this regard, we note that because defendant "inflict[ed] bodily injury" and "used force upon another" the circumstances of his second-degree attempted robbery offense are not "very similar to" the lesser offense of third-degree theft.  N.J.S.A. 2C:15-1; Megargel, 143 N.J. at 500; see N.J.S.A. 2C:20-2(b)(2).  Defendant clearly was not entitled to a downgraded sentence under N.J.S.A. 2C:44-1(f)(2).

## IV.

In defendant's final point, he argues that resentencing is required for consideration of the newly enacted mitigating factor fourteen, which he asserts applies retroactively.  We reject defendant's arguments based on our recent holding in State v. Bellamy, 468 N.J. Super. 29 (App. Div. 2021), and the fact that Judge Novey Catuogno considered defendant's age when sentencing him to a five-year term, two fewer than the sentence he accepted in the plea agreement.

Defendant was twenty-two years old when he committed the East Rutherford attempted robbery. After he was sentenced, the Legislature enacted N.J.S.A. 2C:44-1(b)(14) — a new mitigating factor which applies when a defendant is less than twenty-six years old at the time of the crime. The new mitigating factor was explicitly deemed "effective immediately" on October 19, 2020, see L. 202, c. 110, and is to be applied prospectively.[2] Bellamy, 468 N.J. Super. at 44; see also State v. Parolin, 171 N.J. 223, 233 (2002) (holding that amendments to the No Early Release Act (NERA) removing the offense for which defendant was convicted did not apply retroactively when the new law became "effective immediately"); Pisack v. B&C Towing, Inc, 240 N.J. 360, 370 (2020) (holding that an amended statute's immediate effective date "bespeak[s] an intent contrary to, and not supportive of, retroactive application" (quoting Cruz v. Cent. Jersey Landscaping, Inc., 195 N.J. 33, 48 (2008))).

Even if we agree with defendant that N.J.S.A. 2C:44-1(b)(14) is ameliorative in nature, see Bellamy, 468 N.J. Super. at 46-47, a remand for resentencing is not warranted under the circumstances. Indeed, in Bellamy, the court noted that the retroactive effect of the new mitigating factor does not

---

[2] On October 18, 2021, the Supreme Court granted certification to consider whether the new mitigating factor should apply retroactively. State v. Lane, A-17-21.

automatically apply for "cases in the pipeline in which a youthful defendant was sentenced before October 19, 2020" based on the enactment of this statute alone. Id. at 48. Rather, it means where, "for a reason unrelated to the adoption of the statute, a youthful defendant is resentenced, he or she is entitled to argue the new statute applies." Ibid.

We remanded the matter for the separate reasons of permitting the sentencing court to consider previously undisclosed reports from the Division of Child Protection and Permanency and reconsideration of the aggravating and mitigating factors before a new judge. The defendant in Bellamy had, thus, "yet to incur a penalty" and the court considered the application of the new factor "'retroactive' simply because it was not in effect when defendant was sentenced the first time." Id. at 44-46. Rather than limiting mitigation to the original thirteen factors that existed at the time of defendant's offense, the resentencing allowed the new factor to be considered on remand. No such independent basis for resentencing exists here. Defendant is, therefore, not entitled to reconsideration of his sentence with the new mitigating factor.

Furthermore, as noted, even if the enactment of the new mitigating factor applied, Judge Novey Catuogno expressly reduced defendant's sentence because of his age. Indeed, as noted, Judge Novey Catuogno imposed a five-year

sentence, the minimum for defendant's second-degree crime, reasoning that "seven years is . . . a long time for a young man." Defendant's was consistent with the sentencing guidelines and does not shock our judicial conscience. Fuentes, 217 N.J. at 70.

To the extent we have not specifically addressed any of defendant's arguments, it is because we have concluded they are of insufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION